ERNEST WEIL, Plaintiff, v. GRACE D. LAUBE and Others, Defendants.

Supreme Court, Westchester County, February 18, 1929. On Reargument, May 18, 1929.

*Morris Krieger*, for the plaintiff.

*Francis A. Griffen*, for the defendant Swift.

TAYLOR, J. Assuming that the sale took place in the courthouse rotunda, and not at the " main entrance," of the courthouse, the rotunda is within such a short distance of that entrance that I decide that it is within the terms of the advertised notice, as being the place where the sale would be had. In addition, the moving party herein having an interest of one-fourth in a $250 mortgage, and who personally makes no affidavit in the proceeding, waited for about five months after the sale before making a motion attacking the same, although his attorney appears to have known of the claimed irregularity from a time shortly after the sale was had.

Under all the circumstances, I deny the motion to set aside the sale, but without costs.

### ON REARGUMENT.

This is a reargument of the motion hereinafter referred to, which reargument was directed by me; upon it I took oral proofs of the parties.

The defendant John N. Swift, who did not appear in the action or at the foreclosure sale herein, is the holder of a one-fourth interest in a small mortgage upon the real estate involved. By notice of motion dated January 31, 1929, he moves to vacate the foreclosure sale herein held August 27, 1928, upon the ground that the referee conducted the sale at a place so removed from that specified in the notice of sale that a bidder or bidders, who were present intending to bid upon the property, were unable to do so. It now appears, and I find, that certain other persons who would have bid against the plaintiff, who was successful at the sale, did not and could not bid because the sale, instead of being conducted at the " main entrance " of the courthouse, as advertised, was in fact conducted inside the courthouse, in the rotunda, a distance of at least twenty feet from the advertised place, and inside the courthouse doors. These persons affirm that they could not find the sale·and intimate that it was secretly conducted in the interest of the plaintiff. It is a fact that the plaintiff's attorney, the referee, and the plaintiff are all employed by a certain title company. No bidder appeared at the place where the sale was conducted in the rotunda, except the plaintiff. He was the successful bidder at his own price of $166.54. The property, I find, had a market value of at least $1,000.

The referee reports that the sale was had " *at the front entrance* " of the county courthouse. In fact, it was held in the rotunda, in the absence of the bidders gathered at the " main entrance." While the situation might engender suspicion that the sale was held intentionally at the wrong place, so as to facilitate the plaintiff's sole bid and his acquisition of the property at an inadequate price, I accept the sworn statements of the plaintiff, his attorney and the referee, each of whom is a person of standing, indicating their entire good faith in the matter. I find that such good faith existed; although it is clear that a serious blunder was made, to the prejudice of the holders of the mortgage. There is no excuse for holding a foreclosure sale at any place so removed from the advertised place of sale that people attending at the latter place are not in a position to bid. This was the case here. The plaintiff-purchaser, after taking title from the referee, paid to the latter certain fees, the amount of which is not specified in the referee's report. The purchaser also paid $119.08

in taxes and charges upon the property, besides the further sum of $25.08 for advertising the notice. The aggregate of the last-mentioned two amounts, to wit, $144.16, will be declared a first charge upon the deposit hereinafter directed to be made by or on behalf of the moving party, and payable therefrom immediately after the new sale about to be ordered, which sale must be held *at the exact place advertised.*

Under all the circumstances, and upon the proofs, including the oral testimony, I determine that my previous decision denying the motion to set aside the sale (see my memorandum dated February 18, 1929), did not meet the justice of the situation presented; and while the moving party did not move with great promptness, in view of the inadequate price realized upon the sale and all relevant facts, I determine that he has not lost any rights in the premises.

The motion to set aside the foreclosure sale is granted, without costs, and a new sale, in pursuance of the judgment, is hereby directed, *upon condition,* however, that within ten days from the date of the entry of the order hereon, the moving party, John N. Swift, shall cause to be paid into court to the credit of this action the sum of $1,000, and within the same time shall file a stipulation to make a bid at the new sale in at least the sum of $1,000. The order shall further provide for the first lien of the plaintiff herein, upon said deposit, of the amount above specified paid for taxes, etc., and advertising charges of the first sale. The then balance of the said deposit shall be credited to the said John N. Swift, or his appointee, upon said bid in at least the sum of $1,000, to be made at the second sale. In the event that the deposit is not made within the time above limited, then the motion to set aside the sale will be denied, without costs.

Ordered accordingly. Settle order on notice.