■ E. Q. C. COMPANY, INC., Respondent, v. PLAINVIEW COUNTRY CLUB, INC., et al., Respondents, and SAMUEL PIVAR, Appellant.— In an action to foreclose a mortgage, in which a judgment of foreclosure and sale had been entered on February 5, 1963, the defendant Pivar, who is an officer and stockholder of the corporate mortgagor and a guarantor of payment of a portion of the deficiency arising from the sale of the mortgaged premises, appeals from three orders of the Supreme Court, Nassau County: (1) an order entered May 13, 1964, which denied his motion to stay the plaintiff corporation from filing his confession of judgment on such mortgage; (2) an order entered May 27, 1964, which denied his motion: (a) to set aside the sale conducted by the Referee appointed pursuant to the judgment of foreclosure and sale; and (b) to delete the deficiency set forth in the Referee's report of sale, on the ground that such sale was illegal and improper; and (3) an order entered July 16, 1964, which granted his application for leave to renew upon additional papers, but denied a rehearing of the prior motion to set aside the sale and to delete the deficiency recommendation. Orders affirmed, with one bill of $30 costs and disbursements to each respondent appearing and filing a brief. In our opinion, the Referee to sell had the implied authority to extend the time of the successful bidder to fulfill his purchase. After the sale, closing of title could proceed in the same manner as is customary in nonjudicial sales of real property, in which, absent any declaration making time of the essence for the closing, the purchaser is entitled to a reasonable adjournment. Here, time was not made of the essence in the terms of sale executed by the purchaser "by mere designation of a date for the closing of title," particularly in a court of equity (Harvey, Real Estate

Law and Title Closing [3d ed.], § 87, p. 72). The Referee here, as a matter of precaution, also had proceeded to readvertise the subject premises for resale in the event that the purchaser failed to pay the balance due from him. In our opinion, such action by the Referee did not vitiate the sale to the purchaser. Only the court, and not the Referee, had the power to declare the purchaser in default, and no application for such a declaration was here made or granted. Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.