■ JEAN ZISSER, Respondent, v NOAH INDUSTRIAL MARINE & SHIP REPAIR, INC., Appellant, et al., Defendants.—In an action to foreclose a mortgage, the defendant Noah Industrial Marine & Ship Repair, Inc., appeals from an order of the Supreme Court, Kings County (Vinik, J.), entered September 23, 1985, which denied its motion, *inter alia,* to vacate a judgment of foreclosure of the same court, entered June 19, 1985, and to enjoin the transfer of the property.

Ordered that the order is affirmed, with costs.

The plaintiff commenced an action to foreclose a mortgage executed by the corporate defendant on a two-story factory building in Brooklyn. The parties initially settled the action pursuant to stipulation, but the defendant defaulted in the required payments. Thereafter, the plaintiff proceeded to enter a judgment and the property was sold at a foreclosure sale for $59,000.

Prior to the passing of title to the purchaser at the foreclosure sale, the appellant moved to vacate the judgment of foreclosure and to enjoin the transfer of title to the property. In support of the motion, Noah Gutierrez, the self-described "President, sole officer, sole director, sole stockholder and sole worker" of the appellant, admitted that the appellant was in arrears but nevertheless alleged, *inter alia,* that the judgment of foreclosure was entered due to the fact that he was "illiterate", unable to read English, not represented by counsel "for the last three years", and not sophisticated enough to understand the full consequences of the stipulation of settlement. Gutierrez also alleged that he had obtained an appraisal of the property which indicated that it was worth $90,000, i.e., more than the selling price at the foreclosure sale.

Special Term denied the appellant's motion.

The papers submitted by the plaintiff in opposition to the appellant's motion demonstrate that Gutierrez understood the English language and had familiarity with foreclosure actions. The record further indicates that the appellant was represented by counsel during the course of the instant action. Accordingly, the appellant's argument in this regard must be rejected.

It is also well settled that mere inadequacy of price is insufficient to vacate a foreclosure sale, unless there are "additional circumstances that warrant invocation of equity powers * * * or unless the price is so inadequate as to shock the court's conscience" *(Polish Natl. Alliance v White Eagle Hall Co.,* 98 AD2d 400, 407). Clearly, the appellant's allegation concerning the sale price obtained at the foreclosure sale is insufficient to warrant vacatur of the sale.

We have reviewed the appellant's remaining arguments and find them to be without merit. Mollen, P. J., Mangano, Eiber and Sullivan, JJ., concur.