■ GLENVILLE AND 110 CORPORATION, Respondent, v FRANK TORTORA et al., Appellants.—In an action to foreclose a mort-

gage, the defendant mortgagors appeal from an order of the Supreme Court, Suffolk County (Saladino, J.), dated August 11, 1987, which denied their motion to set aside a foreclosure sale and to order a resale.

Ordered that the order is affirmed, with costs.

The Referee acted in a reasonable manner in attempting to accommodate the high bidders and did not violate the terms of the judgment of foreclosure (see, Mullins v Franz, 162 App Div 316). By accepting an uncertified deposit check, after a short adjournment, with assurances of the buyer's financial wherewithal, the Referee exercised his discretion to consummate the foreclosure sale so as to best protect the rights of the mortgagees while simultaneously ensuring a successful completion of the sale (see, E. Q. C. Co. v Plainview Country Club, 23 AD2d 769). A Referee must retain limited flexibility, while still acting within the authority of the court as conferred in the judgment of foreclosure, to meet those unforeseen circumstances that might otherwise jeopardize the success of a foreclosure sale (see, E. Q. C. Co. v Plainview Country Club, supra; cf., Farmers' Loan & Trust Co. v Bankers & Merchants' Tel. Co., 119 NY 15). Notwithstanding the discretion possessed by the Referee to best consummate the sale, the court continues to retain the power to set aside a sale where collusion, fraud, mistake or misconduct casts suspicion on its fairness (see, Polish Natl. Alliance v White Eagle Hall Co., 98 AD2d 400). In the instant case, no such acts occurred justifying interference with this sale. Moreover, the $810,000 bid accepted is a reasonable price exceeding 50% of the appellants' estimated value of the property and such sales have been consistently sustained. In any event, absent fraud, collusion, mistake or misconduct, the mere inadequacy of the price alone will not prompt the court to set aside an apparently fair judicial sale. In such cases, only where the price is so low as to shock the conscience of the court will the sale be vacated (see, Polish Natl. Alliance v White Eagle Hall Co., supra, at 407-408; see also, Alben Affiliates v Astoria Term., 34 Misc 2d 246). The price paid was fair and the sale was properly conducted. The appellants' remaining contentions have been examined and are without merit. Mollen, P. J., Bracken, Spatt and Sullivan, JJ., concur.