■ In the Matter of MARY KROPP, as Conservatee. JOSEPH A. LICHTENTHAL et al., Respondents, v 480 BROADWAY CORP., et al., Appellants.—In a proceeding for judicial approval of a contract entered into by a conservator for the sale of real property owned by its conservatee, the appeal is from an order of the Supreme Court, Westchester County (Cerrato, J.), entered November 25, 1987, which (1) granted the conservator's motion to vacate a prior order of the same court, entered July

2, 1987, which authorized the sale of the subject property to the appellant 480 Broadway Corp., and (2) directed the conservator to conduct an auction to dispose of the property with the appellant 480 Broadway Corp. and the respondent Elias Rabady given equal opportunity to bid at that auction.

Ordered that the order is affirmed, with costs.

By order to show cause dated May 6, 1987, the respondent Lichtenthal, as the conservator of the property of Mary Kropp, a patient at St. Joseph's Nursing Home, sought judicial approval of the sale for $96,000 of the conservatee's one-half interest in an apartment building located in Yonkers, New York, to the appellant 480 Broadway Corp. The Supreme Court, Westchester County, by order entered July 2, 1987, authorized the sale and directed the conservator to deliver a deed to the property to the appellant 480 Broadway Corp. Upon the representations of the conservator that notice of the impending sale "would be no benefit to the conservatee" and would only inconvenience the building's tenants, the court dispensed with the advertising requirements of RPAPL 1722. The day before the scheduled closing, the respondent Rabady, the owner of the other one-half interest in the property, offered to purchase the conservatee's interest for $121,000.

The conservator then moved to vacate the order entered July 2, 1987, and for permission to sell the property to the respondent Rabady. By order entered November 25, 1987, the Supreme Court vacated the order entered July 2, 1987 and directed the conservator to conduct an auction with both the respondent Rabady and 480 Broadway Corp. to have an equal opportunity to submit bids for the conservatee's interest in the property. In its decision, the court noted that "in waiving the provision of Section 1722 subd. 5 of the Real Property Actions and Proceedings Law, [a Court] must always be careful to see that its ward receives the best possible price for her property".

The Supreme Court's vacatur of the order entered July 2, 1987, which had approved the contract for the sale of the property to the appellant 480 Broadway Corp., was not an improvident exercise of its discretion (RPAPL 1731; *Matter of Superintendent of Banks of State of N. Y.,* 207 NY 11; 13 Carmody-Wait 2d, NY Prac § 88:35). Although mere inadequacy of the price is an insufficient reason to vacate approval of a sale, additional circumstances were presented to the court to warrant the invocation of its equity powers *(see, Matter of Superintendent of Banks of State of N. Y., supra; Zisser v Noah Indus. Mar. & Ship Repair,* 129 AD2d 795; *Polish Natl. Alliance v White Eagle Hall Co.,* 98 AD2d 400). The court

learned that dispensing with the advertising requirements had been improvident. The respondent Rabady, who, as a tenant in common with the conservatee, owned a one-half interest in the property, was the most obvious potential purchaser, but had never received notice of the impending sale. The lack of notice to him called into question the conservator's statement in support of his original application that a higher price could not be obtained by the exercise of reasonable diligence.

The Supreme Court, charged by statute with the duty to protect the best interests of its ward, properly sought to correct the error concerning notice and to obtain the highest price for the conservatee's property (see, RPAPL 1731; *Matter of Cook [Le Fini. Homes]*, 133 AD2d 823, 826-828). Because the information concerning the lack of notice to the respondent Rabady and his offer of a higher purchase price came to the court's attention before the closing of title on the property, the Supreme Court, in fulfilling its statutory obligation to protect the best interests of its ward, properly exercised its discretion in vacating its prior order and directing that the property be sold at auction where the interested parties would have an equal opportunity to bid on the conservatee's interest in the property. While we agree with the position of our dissenting colleague that the order appealed from should have provided for a minimum bid no lower than that of the respondent Rabady's offer, we are advised by the conservator in his brief that the auction already has been held, and that Mr. Rabady reaffirmed his prior offer of $121,000, and that the appellants did not attend the auction. Thus, this issue has been rendered academic.

We have examined the parties' remaining contentions and find them to be without merit. Mangano, J. P., Lawrence and Spatt, JJ., concur.

Harwood, J., dissents and votes to reverse the order appealed from and to deny the conservator's motion to vacate the order entered July 2, 1987 with the following memorandum: I cannot agree that vacatur of an order pursuant to RPAPL article 17 (see, RPAPL 1711, 1743), approving a contract for the sale of the conservatee's one-half interest in a certain piece of realty, constituted a proper exercise by the Supreme Court of its power to "make such orders as may be necessary to further justice and to protect and conserve the rights and interests of the * * * conservatee" (RPAPL 1731). The majority notes (at 575) that "mere inadequacy" of price is an insufficient basis upon which to premise vacatur (see, *Matter of Superintendent of Banks of State of N. Y.*, 207 NY

11), but holds that the undoing of an approved contract was justified because of the "additional circumstances" that Elias Rabady, the owner of a separate one-half interest in the property, was not given "notice" of the "sale".

There is nothing before us which indicates any irregularity in the approval of the contract executed by the conservatee and the appellants. The Supreme Court in the order to show cause dated May 6, 1987 directed to whom and the manner by which notice of the proceeding for approval of the signed contract was to be given (see, RPAPL 1721). Apparently, as was within its power, it dispensed with the requirement that the property be advertised for sale prior to the making of the contract (see, RPAPL 1722 [5]). Moreover, there is nothing which indicates that the price the appellant 480 Broadway Corp. agreed to pay for the conservatee's interest in the property was "inadequate". Indeed it appears that the agreed-upon purchase price originally approved by the Supreme Court was more than the appraised value. To vacate approval of the contract of sale under these circumstances is to undermine the stability of contracts and of judicial sales and can, as is the case here, subject a conservatee whose interests the Supreme Court was bound to protect to additional litigation costs. Finally, even if vacatur of the order entered July 2, 1987 were appropriate, I cannot agree that it is in the conservatee's best interests to require that the property be sold at auction attended by the two would-be purchasers without also requiring that the minimum bid be no lower than the allegedly better offer which prompted the vacatur.