■ HARBERT OFFSET CORP., Appellant, v BOWERY SAVINGS BANK et al., Respondents, et al., Defendant.—In an action to enjoin the conveyance of property pursuant to a judgment of foreclosure and sale and to vacate the judgment of foreclosure and sale, the plaintiff Harbert Offset Corp., appeals from a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered February 27, 1990, which denied it the relief requested, and, in effect, dismissed the action.

Ordered that the judgment is affirmed, with one bill of costs.

Harbert Offset Corp. argues that as a result of improper service of process, no personal jurisdiction was acquired over it; therefore, the judgment of foreclosure and sale entered upon its default in appearing and the subsequent sale was invalid. Service of process on a corporate defendant by serving the summons and complaint on the Secretary of State under the provisions of Business Corporation Law § 306, is valid service. A defendant who has been validly served under Business Corporation Law § 306, and against whom a valid judgment has been entered by default may move under either CPLR 317 or 5015, or both, to open the default judgment by demonstrating, *inter alia,* that it has a meritorious defense *(see,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C317:1, at 475), and that it did not receive actual notice of the commencement of the action. In reviewing the affidavits and affirmations submitted in support of the appellant's motion, we find that they fail to sufficiently demonstrate a meritorious defense *(see, e.g., European Am. Bank v Harper,* 163 AD2d 458; *Solomon Abrahams, P. C. v Peddlers Pond Holding Corp.,* 125 AD2d 355; *Bank Leumi Trust Co. v John Malesky, Inc.,* 108 AD2d 1089, 1090).

The appellant's second point is based on the alleged insufficiency of the purchase price paid at the foreclosure sale. It is well settled that, a court, in the exercise of its equitable powers, has the discretion to set aside a judicial sale where fraud, collusion, mistake or misconduct casts suspicion on the fairness of the sale *(see, Guardian Loan Co. v Early,* 47 NY2d 515, 521; *Glenville & 110 Corp. v Tortora,* 137 AD2d 654, 655; *Polish Natl. Alliance v White Eagle Hall Co.,* 98 AD2d 400, 407). In the instant case, we find that no such acts occurred justifying interference with this sale. It is equally well established that in the absence of this type of conduct, the mere inadequacy of the price alone is an insufficient reason to vacate an otherwise apparently fair judicial sale unless the price is so inadequate as to shock the court's conscience *(see, Glenville & 110 Corp. v Tortora, supra; Zisser v Noah Indus. Mar. & Ship Repair,* 129 AD2d 795, 796; *Buttermark Plumbing & Heating Corp. v Sagarese,* 119 AD2d 540; *Polish Natl. Alliance v White Eagle Hall, Co., supra).* The sale in the instant action was properly advertised and there is no evidence of any irregularity that would have inhibited the attendance of other prospective bidders. Further, the sale price at the foreclosure auction was not so unconscionably low as to warrant vacatur of the sale.

We have examined the appellant's remaining contention and find it to be without merit. Thompson, J. P., Kunzeman, Miller and O'Brien, JJ., concur.