■ GREENWOOD PACKING PROFIT SHARING PLAN TRUST et al., Respondents, v THEODORE A. FOURNIER et al., Defendants, and PAT D. COVIELLO, Nonparty-Appellant.—In an action to foreclose a mortgage, Pat D. Coviello appeals from an order of the Supreme Court, Orange County (Green, J.), dated April 6, 1990, which, *inter alia,* denied his motion to set aside the foreclosure sale.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is granted, the sale to the respondents is set aside, and the sale to the appellant is reinstated, without prejudice to the respondents to seek relief therefrom.

At the foreclosure sale, the Referee awarded the property to the appellant as the highest bidder. However, the plaintiffs' representative protested, claiming that he mistakenly stopped bidding because he believed he had the last and highest bid. The Referee then took it upon himself to reopen the bidding. The property was ultimately purchased by the plaintiffs' representative. Upon the appellant's motion to set the sale

aside, the Supreme Court confirmed the Referee's exercise of discretion in reopening the bidding. We reverse.

Although a Referee has the discretion to do that which is reasonable and within the authority conferred in the judgment of foreclosure in order to ensure a successful sale *(see, Glenville & 110 Corp. v Tortora,* 137 AD2d 654; *E.Q.C. Co. v Plainview Country Club,* 23 AD2d 769), the authority and discretion to set aside a judicial sale under circumstances such as these is entrusted to the courts *(see, Guardian Loan Co. v Early,* 47 NY2d 515; *Fisher v Hersey,* 78 NY 387; *Glenville & 110 Corp. v Tortora, supra; Polish Natl. Alliance v White Eagle Hall Co.,* 98 AD2d 400). Thus, in the present case, the Referee acted without jurisdiction when he reopened the bidding, and the sale to the plaintiffs cannot stand *(see generally, Mullins v Franz,* 162 App Div 316; *cf., Feder Corp. v Bozkurtian,* 48 AD2d 701). The sale to the appellant must be reinstated, however, without prejudice to the plaintiffs to apply in the Supreme Court for relief therefrom.

We have considered the parties' remaining contentions and find them to be without merit *(see, Brown v Frost,* 10 Paige Ch 243; *Hudson City Sav. Inst. v Burton,* 99 AD2d 871; *Andrews v O'Mahoney,* 112 NY 567; *Lane v Chantilly Corp.,* 251 NY 435). Sullivan, J. P., Rosenblatt, Miller and Santucci, JJ., concur.