SECOND DEPARTMENT, APRIL, 1992

(April 6, 1992)

■ BANKERS FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent, v EVELYN B. HOUSE, Appellant, and YOSKA NEMAN et al., Intervenors-Respondents.—In an action to foreclose a mortgage, the defendant Evelyn B. House appeals from an order of the Supreme Court, Nassau County (Christ, J.), dated June 19, 1990, which denied her motion to vacate a judgment of foreclosure and to set aside a foreclosure sale.

Ordered that the order is affirmed, with one bill of costs

payable to the respondents appearing separately and filing separate briefs.

It is well-settled that a court, in the exercise of its equitable powers, has the discretion to set aside a judicial sale where fraud, collusion, mistake, or misconduct casts suspicion on the fairness of the sale *(see, Guardian Loan Co. v Early,* 47 NY2d 515, 521; *Bowery Sav. Bank v Harbert Offset Corp.,* 174 AD2d 650; *Glenville & 110 Corp. v Tortora,* 137 AD2d 654, 655; *Polish Natl. Alliance v White Eagle Hall Co.,* 98 AD2d 400, 407).* In the absence of this type of conduct, the mere inadequacy of the price alone is insufficient reason to vacate an otherwise apparently fair judicial sale, unless it is found that the price is so inadequate as to shock the court's conscience *(see, Bowery Sav. Bank v Harbert Offset Corp., supra; Matter of Kropp v 480 Broadway Corp.,* 151 AD2d 574, 575; *Glenville & 110 Corp. v Tortora, supra; Zisser v Noah Indus. Mar. & Ship Repair,* 129 AD2d 795, 796; *Buttermark Plumbing & Heating Corp. v Sagarese,* 119 AD2d 540; *Polish Natl. Alliance v White Eagle Hall Co., supra).* In the instant case, it is undisputed that the purchase price was not so low as to shock the conscience of the court. Although the appellant's plight may evoke some sympathy, the record here is devoid of any showing warranting intervention by a court of equity. The appellant makes no allegations, nor is there any evidence, of fraud, collusion, mistake, misconduct or overreaching. Accordingly, the appellant's allegation concerning the adequacy of the sale price obtained at the foreclosure sale is insufficient to warrant judicial intervention as a matter of equity. Bracken, J. P., Eiber, O'Brien and Pizzuto, JJ., concur.