■ LONG ISLAND SAVINGS BANK OF CENTEREACH, F.S.B., Respondent, v JEAN VALIQUETTE, M.D., P. C., et al., Appellants, et al., Defendants, and PAUL LAUER, Nonparty Respondent.—In an action to foreclose a mortgage, the defendants Jean Valiquette, M.D., P. C., Defined Benefit Pension Plan, R.P. Koval, M.D., K.E. Seslowe, M.D., P. C., and Employees Profit Sharing Plan & Trust appeal from an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated February 7, 1990, which denied their motion to vacate a judgment of foreclosure and set aside a foreclosure sale.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

In this foreclosure action, it is undisputed that the subject sale had been scheduled according to the Notice of Sale for November 3, 1989, at 8:45 A.M., on the steps of the Nassau County Courthouse. While the appellants fully concede that their counsel received the Notice of Sale, it appears that their counsel, due to his own error, incorrectly believed that the time of the sale was 10:00 A.M. Upon arriving at approximately 9:45 A.M. on the day of sale, counsel discovered that the sale had been concluded. However, we agree with the Supreme Court's determination that counsel's inattention to detail does not provide sufficient basis to warrant equitable intervention and vacatur of the subject foreclosure sale. The well-settled general rule in New York is that in the exercise of its equitable powers, a court has the discretion to set aside a judicial sale where fraud, collusion, mistake, or misconduct casts suspicion on the fairness of the sale *(see, Guardian Loan Co. v Early,* 47 NY2d 515, 521; *Bankers Fed. Sav. & Loan Assn. v House,* 182 AD2d 602; *Harbert Offset Corp. v Bowery Sav. .Bank,* 174 AD2d 650; *Glenville & 110 Corp. v Tortora,* 137 AD2d 654, 655; *Polish Natl. Alliance v White Eagle Hall Co.,* 98 AD2d 400, 407). While the appellants' situation is

clearly unfortunate, the record is devoid of any showing that their rights were not protected to the fullest extent that the law provides *(see, Guardian Loan Co. v Early, supra).* Similarly, the appellants' allegation that vacatur of the sale is warranted due to the movement of the sale into the courthouse because of inclement weather at 8:55 A.M. must also fail because there is no allegation that their counsel was present at the appointed time *(cf., Weil v Laube,* 134 Misc 454, 455). In this regard, we note that at least 17 other bidders were present at the sale at the time provided in the duly published Notice of Sale, and that the sale took place approximately one foot inside glass doors in full view of the outside steps.

It is equally well established that the mere inadequacy of the price alone is insufficient reason to vacate an otherwise apparently fair judicial sale, unless it is found that the price is so inadequate as to shock the court's conscience *(see, Harbert Offset Corp. v Bowery Sav. Bank, supra; Matter of Kropp v 480 Broadway Corp.,* 151 AD2d 574, 575; *Glenville & 110 Corp. v Tortora, supra; Zisser v Noak Indus. Mar. & Ship Repair,* 129 AD2d 795, 796; *Buttermark Plumbing & Heating Corp. v Sagarese,* 119 AD2d 540; *Polish Natl. Alliance v White Eagle Hall Co., supra).* In the instant case, we find that the purchase price, which realized over 57% of the property's market value, cannot be deemed so low as to shock the conscience of this court. The record on appeal is devoid of any showing warranting intervention by a court of equity. Mangano, P. J., Sullivan, Harwood and Pizzuto, JJ., concur.