■ CROSSLAND MORTGAGE CORP., Respondent, v IRWIN FRANKEL, Also Known as IRWIN L. FRANKEL, et al., Defendants, and SHELDON BUCHMAN, Appellant. [596 NYS2d 130] —In an action to foreclose a mortgage, the defendant Sheldon Buchman, appeals from an order of the Supreme Court, Rockland County (Lefkowitz, J.), entered November 4, 1992, which granted the plaintiff's motion to set aside a foreclosure sale of certain real property to him.

Ordered that the judgment is reversed, on the law, with costs, and the motion is denied.

The plaintiff Crossland Mortgage Corp. (hereinafter Crossland) held a mortgage on the real property of the defendants Irwin and Marlene Frankel. Upon the Frankels' default, Crossland obtained a judgment of foreclosure directing the sale of the premises. At the sale, Crossland's representative ceased bidding at $43,000 and the defendant Sheldon Buchman, Marlene Frankel's father, was declared the successful bidder at $55,000. Because Buchman did not have the deposit money with him, the Referee granted his request to allow him 20 minutes to get the money from a bank. While Buchman was away, the Crossland representative discovered and told the Referee that Crossland's law firm had provided him with erroneous bidding instructions regarding another property and that he should have been authorized to bid from $160,000

to $200,000, which was the approximate market value of this property. When Buchman returned with the deposit money, the Referee rejected it and reopened the bidding. Crossland successfully bid $160,000. The Supreme Court granted a motion by Buchman to set aside the sale to Crossland, without prejudice to an application by Crossland to set aside the original sale to Buchman. The Supreme Court subsequently granted Crossland's motion to set aside the sale to Buchman and directed that a new sale be held. We reverse.

A court may exercise its equitable powers to set aside a judicial sale only where fraud, collusion, mistake, or exploitive overreaching casts suspicion on the fairness of the sale *(see, Guardian Loan Co. v Early,* 47 NY2d 515). While Crossland's mistake was unfortunate, it did not provide a basis to invalidate the sale, which was "consummated in complete accord with lawful procedure" *(Guardian Loan Co. v Early, supra,* at 521), since the mistake was unilateral on Crossland's part *(see, Long Is. Sav. Bank v Valiquette,* 183 AD2d 877). Nor did the sale price alone provide a basis to set aside the sale since it was not so inadequate as to shock the court's conscience *(see, Guardian Loan Co. v Early, supra; Bankers Fed. Sav. & Loan Assn. v House,* 182 AD2d 602). Finally, we note that the sale was not incomplete while Buchman was at the bank, since it was within the Referee's discretion to allow him time to collect the deposit money *(see, Glenville & 110 Corp. v Tortora,* 137 AD2d 654). Thompson, J. P., Rosenblatt, Pizzuto and Santucci, JJ., concur.