■ DIME SAVINGS BANK OF NEW YORK, FSB, Respondent, v JOSEPHINE C. PALAZINI, Appellant. (And Another Related Action.) [604 NYS2d 301] —Crew III, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered September 4, 1992 in Saratoga County, which, inter alia, set aside the foreclosure sales of certain real property and directed that another foreclosure sale be conducted.

In May 1988 defendant executed a mortgage in favor of plaintiff on property located in Saratoga County which secured a note in the amount of $300,000. Thereafter, a second mortgage on the same property was executed as security for a $192,700 line of credit. In November 1990 defendant ceased making the required payments for both loans, at which time $294,412.54 was due on the note and $192,834.79 was due on the line of credit. Plaintiff, inexplicably, commenced separate actions to foreclose on the property. As a consequence, judgments of foreclosure were obtained in each action and a Referee was appointed to conduct separate foreclosure sales. At the first sale regarding the $300,000 mortgage, plaintiff bid $504,419.74. The property was "struck down" for that bid and immediately thereafter the second sale was held at which time plaintiff once again bid $504,419.74, which was again "struck down" by the Referee.

Defendant filed notices of claim for surplus moneys and moved to compel the Referee to file a report of sale and deposit the surplus moneys with the Saratoga County Treasurer. The Referee filed two reports listing the sales price of the property as $504,419.74. Plaintiff moved to confirm the report and for leave to enter a deficiency judgment. Defendant cross-moved, seeking that the report not be confirmed and that the Referee be ordered to collect an additional $504,419.74. Supreme Court denied defendant's cross motion, set aside the foreclosure sales and ordered that a single new sale of the property be conducted, at which plaintiff was required to bid a minimum of $504,419.74. Defendant appeals.

Defendant urges that the total bid for the property, as the result of the two sales, was $1,008,839.48, creating a surplus in excess of $440,000. She further contends that Supreme Court exceeded its powers or abused its discretion in setting aside the foreclosure sales. We disagree.

Assuming that plaintiff is/was successful in selling the property in question for $504,419.74, defendant's contention has the incongruous effect of having plaintiff reward defendant with more than $400,000 for having defaulted on a $500,000 loan. Such a result surely cannot be judicially countenanced. It is exceedingly well settled that a court, in the exercise of its equitable powers, has the discretion to set aside a judicial sale where mistake casts suspicion on its fairness (see, Long Is. Sav. Bank v Jean Valiquette, M.D., P. C., 183 AD2d 877; Bankers Fed. Sav. & Loan Assn. v House, 182 AD2d 602; Harbert Offset Corp. v Bowery Sav. Bank, 174 AD2d 650).

It is clear that plaintiff intended to bid $504,419.74 for the property in question and mistakenly bid $1,008,839.48. The record establishes with equal clarity that the Referee also believed that the property was being bid and sold for $504,419.74. Plainly, there was a misunderstanding or mistake as to how the bidding would be conducted at these foreclosure sales and the effect thereof. Even if this be deemed a unilateral mistake insufficient to form the basis for equitable relief (see, Crossland Mtge. Corp. v Frankel, 192 AD2d 571, lv denied 82 NY2d 665), the mistaken bid is so far in excess of the market value of the property as to shock the conscience of the Court (see, e.g., Bankers Fed. Sav. & Loan Assn. v House, supra, at 603). The record reflects that the market value of the real property in question is less than $465,000. Under the circumstances, Supreme Court was warranted, in the exercise of its discretion, to set aside the sales and direct that a new sale be conducted.

Weiss, P. J., Yesawich Jr., White and Casey, JJ., concur. Ordered that the order is affirmed, with costs.