■ JAMES F. RYERSON, Respondent, v NANCY L. RYERSON, Appellant. [618 NYS2d 81] —In an action for partition and sale of improved real property, the defendant appeals from (1) an interlocutory judgment of the Supreme Court, Orange County (Miller J.), dated August 11, 1992, which directed the sale of the property, (2) a final judgment of the same court, entered December 17, 1992, after the sale, and (3) an order of the same court, dated January 11, 1993, which denied the defendant's motion to set aside the sale.

Ordered that the appeal from the interlocutory judgment is dismissed; and it is further,

Ordered that the final judgment and order are affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the interlocutory judgment must be dismissed because the right of direct appeal therefrom terminated with the entry of final judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the interlocutory judgment are brought up for review and have been considered on the appeal from the final judgment (CPLR 5501 [a] [1]).

We find that the defendant's attorney had the apparent, if not the actual, authority to enter into the settlement stipulation which provided for the judicial sale of the property *(see, Hallock v State of New York,* 64 NY2d 224, 231; *Ford v Unity Hosp.,* 32 NY2d 464, 473). We further find that under the facts present here the judicial sale should not be set aside for inadequacy of price.

Although the plaintiff was the sole bidder at the public sale and purchased the property at a very favorable price *(see, Bankers Fed. Sav. & Loan Assn. v House,* 182 AD2d 602, 603; *Polish Natl. Alliance v White Eagle Hall Co.,* 98 AD2d 400), we decline to exercise our equity jurisdiction and vacate the sale. The sale took place pursuant to a stipulation validly entered into between the parties and the defendant knew when the sale was scheduled to occur, yet she did not appear or send a representative on her behalf and did not give an adequate excuse for her failure to do so.

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.