■ OAKLEY WAYMAN, Appellant, v RICHARD ZMYEWSKI et al., Defendants. CHARLES M. WRIGHT, Respondent. [629 NYS2d 871] —Casey, J. Appeal from an order of the Supreme Court (Hughes, J.), entered April 6, 1994 in Schoharie County, which granted a motion by Charles M. Wright to set aside a foreclosure sale in this mortgage foreclosure action.

At issue on this appeal is whether Supreme Court erred in vacating a mortgage foreclosure sale upon the application of a prospective bidder who was deprived of the opportunity to bid because the sale was conducted at a different location than that listed in the notice published pursuant to RPAPL 231. Plaintiff contends that the prospective bidder lacked standing to seek to have the sale vacated.

The duly published notice stated that the foreclosure sale was scheduled for a certain date and time and would be held on the steps of the Schoharie County Courthouse. The sale was actually held on the scheduled date and time, but in the lobby which connects the courthouse to the County Office Building. The only bidder at the sale was plaintiff, the mortgagee, who purchased the property for $1,900, which was less than the amount due on the mortgage. In support of his application to set the sale aside, Charles M. Wright alleged that he was present at the steps of the courthouse on the scheduled date and time, and was prepared to bid substantially more than $1,900. Wright's motion was also supported by the affidavit of a second prospective bidder who alleged that he, too, appeared for the sale on the steps and was deprived of the opportunity to bid by the change in location of the sale.

In *National Bank of Stamford v Van Keuren* (184 AD2d 92, 95), this Court recognized that absolute control of the workings of a judicial sale rests with the court, not the parties. Accordingly, we explained that "[a] court has broad discretion in setting aside a foreclosure sale and ordering a resale * * * and, significantly, almost any individual, even a nonparty, who has a legitimate interest in the outcome can move to set it aside". As noted by Supreme Court, the Court of Appeals has suggested that "a serious bidder who had made various commitments to effectuate its bid" has a legitimate interest in the

outcome of the sale (*Amsterdam Sav. Bank v City View Mgt. Corp.*, 45 NY2d 854, 855). We agree with Supreme Court that the prospective bidder in this case, who appeared at the time and place advertised for the sale and affirms that he was willing to bid substantially more than the only bid received at the sale, has a sufficient interest to move to set the sale aside. Considering Supreme Court's role in supervising judicial sales and its inherent equitable power over a sale made pursuant to the court's judgment to ensure that it is not made the instrument of injustice (*see, Guardian Loan Co. v Early*, 47 NY2d 515, 520), we are of the view that the inquiry should focus on the basis for the court's exercise of its power over judicial sales, not the status of the party who requests that the court exercise its power.

The inherent equitable power over judicial sales, which is separate and distinct from any statutory authority, should be exercised sparingly and with great caution, but the court may set aside its own judicial sale upon grounds otherwise insufficient to confer an absolute legal right to a resale in order to relieve of unfair conduct (*supra*, at 520-521). "It is exceedingly well settled that a court, in the exercise of its equitable powers, has the discretion to set aside a judicial sale where mistake casts suspicion on its fairness" (*Dime Sav. Bank v Palazini*, 198 AD2d 746, 747). We see no abuse of discretion in Supreme Court's exercise of its equitable power to set aside the foreclosure sale in this case.

The purpose of the publication requirement is to give notice to all who might become bidders so that fair value can be realized at the sale (*see, City of Albany v Goodman*, 203 App Div 530, 531). When this purpose is frustrated by movement of the sale to a location other than that published in the notice, the sale may be set aside (*compare, Weil v Laube*, 134 Misc 454, *affd* 227 App Div 729, *with Long Is. Sav. Bank v Jean Valiquette, M.D., P. C.*, 183 AD2d 877, 878). Plaintiff was the only bidder at the sale and paid $1,900 for the property, which was less than the amount due under the terms of the mortgage that secured an original loan of $9,500. Two additional potential bidders appeared at the time and place designated in the notice, and one of the potential bidders alleged in his affidavit that he was prepared to bid substantially more than $1,900 for the property. We conclude that in these circumstances, the mistake or irregularity in changing the location of the sale cast suspicion on the fairness of the sale and justified Supreme Court's exercise of discretion in vacating the sale.

Cardona, P. J., Mikoll, Mercure and Peters, JJ., concur. Ordered that the order is affirmed, with costs.