■ HARBOR FINANCIAL MORTGAGE CORPORATION, Appellant, v WILLIAM R. HURRY et al., Defendants. MICHAEL BORDELL, Respondent. [715 NYS2d 121] —Rose, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered April 6, 2000 in Madison County, which denied plaintiff's motion to, *inter alia*, vacate a foreclosure sale.

Plaintiff obtained a judgment of foreclosure of a mortgage directing a sale of defendants' real property. The sale was scheduled and advertised by the court-appointed Referee for 10:00 A.M. on Friday, October 15, 1999. Thirty minutes prior to the sale, plaintiff's counsel telephoned the Referee's office and left a message "cancelling the sale." The Referee, however, had already left his office and did not get the message. Apparently assuming that the Referee would adjourn the sale due to the absence of counsel, plaintiff's counsel did not attend. However, the Referee commenced the sale at the scheduled time, read the entire judgment of foreclosure and sale and then, with no one representing plaintiff in attendance, accepted a bid of $25,000 and a deposit of $2,500 from Michael Bordell, the only other person present. On the following Monday, the Referee provided a written memorandum of this sale to plaintiff. As the amount owed under the judgment exceeded $74,000, plaintiff promptly moved by order to show cause to vacate the sale and direct a resale. Supreme Court denied plaintiff's motion, finding only a unilateral mistake on the part of plaintiff's counsel and that the bid price was not so low as to be "shocking." Plaintiff appeals and we affirm.

We note that a court may set aside a foreclosure sale "to relieve of oppressive or unfair conduct" (*Guardian Loan Co. v Early*, 47 NY2d 515, 521), and "[i]n the absence of fraud, collusion or other irregularity, the foreclosure sale will not be set aside unless the inadequacy of the sale price is so great that it shocks the conscience of the court" (*Trustco Bank v Collins*, 213 AD2d 819). We also note: "There can be little dispute that it is the court, not the parties, who is in absolute control of the workings of a judicial foreclosure * * * The appointed Referee is an officer of the court and must perform his duties impartially without regard to the interests of any particular person in the proceeding" (*National Bank v Van Keuren*, 184 AD2d 92, 95 [citations omitted]).

· Initially, we cannot agree with plaintiff's contention that the Statute of Frauds (*see*, General Obligations Law § 5-703) bars enforcement of the sale to Bordell. The record reveals that there was a written memorandum of the sale signed by the Referee which, in connection with the judgment of foreclosure and sale, adequately identified the parties, the real property and the essential terms of the sale. This is sufficient to take the agreement out of the Statute of Frauds (*see*, *Wacks v King*, 260 AD2d 985, 986). Additionally, Bordell's payment of a deposit and partial prepossession of the property is unequivocally referable to the sale and constitutes part performance, again avoiding the Statute of Frauds (*see*, *Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 93 NY2d 229, 235-236; *OnBank & Trust Co. v Burr Enters.*, 235 AD2d 799). Moreover, as the sale was between the Referee and Bordell, plaintiff would lack standing to assert the Statute of Frauds even if it were applicable to the foreclosure sale (*see*, *Brockport Developers v 47 Ely Corp.*, 82 Misc 2d 310, 314).

The fact that a statement of the terms of sale drafted by plaintiff was not read at the sale is equally unavailing as a basis to set this sale aside. Although RPAPL 231 (4) directs that "[t]he terms of the sale shall be made known at the sale," it is significant here that the foreclosure judgment made no reference to a separate statement of the terms of sale, the terms set forth in the judgment were read aloud at the sale, and to the extent that the statement of terms which plaintiff indicates it would have proffered to the Referee at the sale adds to or deviates from the terms authorized in the judgment, it would be void (*see*, *Albany Sav. Bank v Thum Realty*, 97 AD2d 891). Thus, there is no applicable term of sale that was not read at the sale, no substantial right of a party was prejudiced, and no violation of a statutory mandate occurred (*see*, RPAPL 231 [6]).

Plaintiff next contends that even if the sale were valid, Supreme Court abused its discretion in refusing to set it aside on the grounds of mutual mistake between the Referee and plaintiff's counsel. Like Supreme Court, we find that plaintiff's counsel waited until the last minute to attempt to obtain an adjournment and mistakenly assumed that the Referee would not conduct the sale in the absence of counsel. On this record, there was only a unilateral mistake on the part of plaintiff's counsel which does not warrant setting the sale aside (*see, Crossland Mtge. Corp. v Frankel*, 192 AD2d 571, *lv denied* 82 NY2d 655; *see also, Dime Sav. Bank v Zapala*, 255 AD2d 547, 548; *cf., Dime Sav. Bank v Palazini*, 198 AD2d 746, 747).

Finally, as to the adequacy of the bid price, we again agree with Supreme Court that the amount bid, although low in comparison with the amount owed, is not so low as to warrant vacatur (*see, Crossland Mtge. Corp. v Frankel, supra*).

Under these circumstances, we find that Supreme Court did not abuse its discretion in denying plaintiff's motion and enforcing the sale to Bordell.

Mercure, J. P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.