[906 NYS2d 726]

U.S. Bank, N.A., Plaintiff, v Richard Persaud et al., Defendants.

Supreme Court, Queens County, August 4, 2010

## APPEARANCES OF COUNSEL

*Steven J. Baum*, Amherst (*John J. Ricciardi* of counsel), for Homes and Estate Holding Corp., nonparty movant. *Stein, Wiener & Roth, LLP*, Carle Place (*Howard H. Stein* of counsel), for plaintiff.

## OPINION OF THE COURT

CHARLES J. MARKEY, J.

The present motion, by order to show cause, addresses the thorny and interesting issue of who has the responsibility, at a mortgage foreclosure sale, to pay the real estate transfer taxes.

It is ordered that the motion is determined as follows:

Plaintiff U.S. Bank, N.A., obtained a judgment of foreclosure and sale dated November 25, 2008, and the Referee conducted a foreclosure sale of the subject premises known as 120-50 200th Street, St. Albans, New York on February 5, 2010.

The nonparty movant Homes and Estate Holding Corp. (Homes) was the successful bidder at the foreclosure sale. Its representative executed a memorandum of sale, indicating that Homes purchased the subject property for $255,000 and acknowledging the terms of sale were a "binding contract." The memorandum of sale provided that Homes consented to "each and every provision [of the terms of sale]" and "promise[d] and agree[d] to comply with the same." The terms of sale called for, among other things, the purchaser to pay a 10% bid deposit at the time of sale and pay the balance of the sale price on or before March 8, 2010, when the Referee's deed would be ready for delivery. The terms of sale also called for the purchaser to pay all expenses of closing, including but not limited to "[p]laintiff's closing attorney's fees, title insurance, transfer taxes, deed recordation costs, and preparation fees for transfer documents."

By letter dated March 5, 2010, the Referee adjourned the closing of title until March 11, 2010, with time being of the essence, and advised counsel for Homes that, among other things, the purchaser would be required to pay the real estate transfer taxes as a condition of closing.

Homes obtained an order to show cause dated March 10, 2010, objecting to the imposition of such condition, and any condition

requiring it to pay the attorneys' fees incurred by plaintiff in connection with the closing and fees related to preparation of transfer documents. It contends that the Referee is responsible for the payment of the real estate transfer taxes out of the proceeds of sale, and that the terms of sale are invalid to the extent that they place the responsibility for the payment of such taxes upon the purchaser, in addition to the price bid for the property. Homes also contends that any imposition upon it of charges representing the attorneys' fees incurred by plaintiff in connection with the closing and the fees related to the preparation of transfer documents is contrary to the judgment.

Plaintiff opposes the motion, and the Referee has not appeared in relation to it.

That portion of the motion which is addressed to the issue of whether the purchaser must pay attorneys' fees incurred by plaintiff and Automated City Register Information System (ACRIS) preparation fees is denied as moot. Plaintiff has agreed to waive any demand that such fees be paid by the purchaser and therefore, the Referee shall not require Homes to pay such fees.

With respect to the remaining branch of the motion which is addressed to the propriety of the Referee's conditioning the closing upon purchaser's payment of real estate transfer taxes in addition to the balance of the bid price, a referee appointed to conduct a foreclosure sale serves as an officer of the court and acts in a ministerial capacity and, therefore, lacks any power to vary the terms of the judgment (*see Ercolani v Sam & Al Realty Co.*, 17 NY2d 299 [1966]; *Crisona v Macaluso*, 33 AD2d 569 [2d Dept 1969]).

The court-appointed referee, charged with the duty to supervise the sale of the premises, is responsible for conducting the sale upon terms in conformity with the judgment and applicable statutes (*see Long Is. City Sav. & Loan Assn. v Suggs*, 78 Misc 2d 16, 18 [Sup Ct, Nassau County 1974]; *see also Zouppas v Yannikidou*, 16 AD2d 52, 55 [1st Dept 1962]). In the absence of any specific directions in the judgment, he or she may impose conditions which are ministerial in nature, and customarily and normally relate to closing of title, such as reasonable conditions with respect to the form of payment and the time and place of the closing (*see e.g. E. Q. C. Co. v Plainview Country Club*, 23 AD2d 769 [2d Dept 1965]).

A referee, however, may not, in the absence of any specific directions in the judgment, impose conditions of sale which involve substantive matters (*see Home Sav. of Am. v Vonkrusen-*

*stierna,* Sup Ct, Queens County, Oct. 17, 1995, O'Donoghue, J., index No. 775/1993; *see also E. Q. C. Co. v Plainview Country Club,* 23 AD2d 769 [1965], *supra; Zouppas v Yannikidou,* 16 AD2d 52, 55 [1962], *supra; TMS Mtge., Inc. v Lee,* Sup Ct, Queens County, Sept. 25, 1998, Golar, J., index No. 6042/1997). Rather, he or she must impartially perform the duties of referee, without regard to the interests of any particular person or party in the proceeding (*see Harbor Fin. Mtge. Corp. v Hurry,* 277 AD2d 693, 694 [3d Dept 2000]; *National Bank of Stamford v Van Keuren,* 184 AD2d 92, 95 [3d Dept 1992]).

RPAPL 1354 governs the distribution of the proceeds of a foreclosure sale and requires the referee to make certain payments out of the proceeds. Under RPAPL 1354 (1), the officer conducting the sale must pay, out of the proceeds, unless otherwise directed, the expenses of the sale, and pay to the plaintiff, or the plaintiff's attorney, the amount of the debt, interest, and costs, or so much as the proceeds will pay, and take the receipt of the plaintiff, or his attorney, for the amount so paid, and file the same with his report of sale.

RPAPL 1354 (2), in relevant part, directs the officer to "pay out of the proceeds all taxes, assessments, and water rates which are liens upon the property sold, and redeem the property sold from any sales for unpaid taxes, assessments or water rates which have not apparently become absolute," and deems the payment of such tax liens to be "expenses of the sale."*

The judgment of foreclosure and sale dated November 25, 2008 directed, among other things, the Referee to pay out of proceeds of sale, in conformity with their priority according to law, "the taxes, assessments, sewer rates or water rates which are or may become liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment," and then deposit the balance, and to pay out the Referee's fee and the expenses of sale and the advertising expenses. The quoted provision of the judgment mirrors RPAPL 1354 (2).

Therefore, the provision in the November 25, 2008 judgment of foreclosure which directed the Referee to pay "taxes," etc., "which are or may become liens on the premises at the time of sale," requires the Referee to pay any back

---

* The provisions of subdivision (2) of RPAPL 1354 do not apply to any judgment in an action where the plaintiff is any municipal corporation of the State or the purchaser at the foreclosure sale.

real estate taxes prior to distributing any funds to the mortgagee. The word "taxes" in such provision, however, may not be read to include real estate transfer taxes, insofar as real estate transfer taxes are incurred as a consequence of the sale and do not result in a lien against the property (*see* Tax Law § 1410 [b]). Rather, a real estate transfer tax is an expense of sale which must be paid to record a deed (*see* Tax Law § 1410 [b]).

Under Tax Law § 1404 (a) and Administrative Code of the City of NY § 11-2104, the grantor of real property is obligated to pay real estate transfer taxes (*see also* 20 NYCRR 575.4). In the context of a foreclosure sale, the grantor is the referee, since he or she executes and delivers the deed (*see* RPAPL 1353 [1]; Tax Law § 1401 [g]; *see also Bey v Bey*, 17 Misc 3d 1110[A], 2007 NY Slip Op 51917[U] [Sup Ct, Kings County 2007]). "A good faith purchaser for value is entitled to receive a deed in recordable form which the referee cannot convey unless the transfer taxes have been paid" (*see Washington Mut. Bank v Faison*, Sup Ct, Queens County, Mar. 22, 2007, Weiss, J., index No. 13499/2005; *Home Sav. of Am. v Vonkrusenstierna*, index No. 775/1993, *supra*).

The only possible funds from which the referee can make payment are the proceeds of the sale, and therefore, the payment of the real estate transfer tax constitutes an expense of sale pursuant to RPAPL 1354 (1) (*see Washington Mut. Bank v Faison*, index No. 13499/2005, *supra*; *see also Trefoil Capital Corp. v Creed Taylor*, 125 Misc 2d 152 [Sup Ct, NY County 1984], *revd on other grounds* 121 AD2d 874 [1st Dept 1986]; *United States v Pickman*, 1987 WL 11275, 1987 US Dist LEXIS 4158 [ED NY 1987]).

As a consequence, in the absence of any provision in the judgment specifically exempting the real estate transfer taxes as an expense of sale and directing the purchaser to pay the real estate transfer taxes in addition to the bid amount, the referee must pay the real estate transfer taxes out of the proceeds as an expense of sale.

To the extent that the Referee, in the present case, included the condition that the purchaser pay the real estate transfer tax in addition to the balance of the purchase price in the terms of sale, she contradicted the requirement in the judgment of foreclosure and sale that the payment of "expenses of sale" be made out of the proceeds (*see Trefoil Capital Corp. v Creed Taylor*, 125 Misc 2d 152 [1984], *supra*; *see also Bey v Bey*, 17 Misc 3d

1110[A], 2007 NY Slip Op 51917[U] [2007], *supra*; *United States v Pickman*, 1987 WL 11275, 1987 US Dist LEXIS 4158 [1987], *supra*).

Under such circumstances, the condition relative to payment of transfer taxes by the purchaser should not have been inserted in the terms of sale, regardless of whether Homes assented to it by executing the memorandum of sale (*see Federal Natl. Mtge. Assn. v Desir*, Sup Ct, Queens County, Nov. 21, 2000, Schulman, J., index No. 22520/1998; *Home Sav. of Am. v Vonkrusenstierna*, index No. 775/1993, *supra*; *see also Jorgensen v Endicott Trust Co.*, 100 AD2d 647, 648 [3d Dept 1984] ["At a foreclosure proceeding, . . . the contract is basically between the purchaser and the court"]; *cf. Mortgage Elec. Registration Sys., Inc. v Rodriguez*, Sup Ct, Queens County, Jan. 31, 2005, Dorsa, J., index No. 33382/2002; *Regency Sav. Bank, F.S.B. v Terry-Ross Assoc.*, NYLJ, Nov. 27, 2002, at 21, 2002 WL 31549082, 2002 NY Misc LEXIS 1473 [Sup Ct, Queens County, 2002, Price, J.]; *LaSalle Natl. Bank v Taylor*, Sup Ct, Queens County, Kassoff, J., index No. 4604/1996; *NYCTL 1998-2 Trust v 5620 Realty Corp.*, Sup Ct, Kings County, Sept. 8, 2006, Demarest, J., index No. 1067/00; Bergman, Mortgage Foreclosures, *Food for Thought: Can Lender Shift Obligation for Transfer Taxes to Bidder?*, NYLJ, June 10, 1998, at 5, col 2). In addition, the memorandum of sale contained no clause relieving the Referee of her obligation under the judgment to pay these taxes out of the proceeds of the sale (*see Crisona v Macaluso*, 33 AD2d 569 [1969], *supra*).

The court must ensure its mandate is carried out as directed. As a consequence, the real estate transfer tax provision inserted by the Referee in the terms of sale herein is declared void (*see Cicorelli v Hickey's Carting, Inc.*, 66 AD3d 626 [2d Dept 2009]; *Renaissance Complex Redevelopment Corp. v Renaissance Assoc.*, 255 AD2d 274 [1st Dept 1998]; *Home Sav. of Am. v Vonkrusenstierna*, index No. 775/1993, *supra*).

Although a resale may be a viable alternative to allowing Homes to close its purchase without payment of the additional amount for the real estate transfer taxes, it is not appropriate here where no party makes a demand for such relief, and there is no evidence that the voided term of sale had any chilling effect on the bidding, or otherwise cast a doubt on the fairness of the sale.

That branch of the motion seeking to void the term of sale directing the purchaser to pay the real estate transfer taxes in addition to the balance of the bid amount at the closing is granted, and the Referee is directed to pay all real estate transfer taxes from the proceeds of sale.