| U.S. Bank N.A. v Diaz |
|:---:|
| 2026 NY Slip Op 30738(U) |
| February 25, 2026 |
| Supreme Court, Kings County |
| Docket Number: Index No. 504360/2020 |
| Judge: Carolyn Walker-Diallo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part FRP4, of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 320 Jay Street, Brooklyn, New York, on the 25th day of February 2026.

PRESENT:

HON. CAROLYN WALKER-DIALLO, J.S.C.

Index No.: 504360/2020

_____ x

U.S. BANK N.A.,

                       Plaintiff,               **DECISION AND ORDER**

      -*against*-

CHRISTIAN DIAZ, et al.,

                   Defendants.

_____ x

Recitation, as required by CPLR 2219 (a), of the papers considered in the review of this Order to Show Cause:

| Papers | Numbered |
|---|---|
| Order to Show Cause, and Exhibits | NYSCEF Doc. Nos. 103-111, 113-114 |
| Affirmation in Opposition | NYSCEF Doc. No. 116 |

Motion Sequence #5

Upon the foregoing cited papers, the Decision/Order on this Order to Show Cause is as follows:

Christian Diaz ("Defendant") moves for an order: (1) vacating the foreclosure sale on the grounds that Defendant was not served with a notice of sale; and (2) staying any transfer of title or delivery of the referee's deed resulting from the August 7, 2025 sale. Plaintiff submits opposition papers. For the foregoing reasons, Defendant's order to show cause is DENIED.

1

[* 1]

## DISCUSSION

"CPLR 2003 authorizes the court to set aside a judicial sale for a failure to comply with the requirements of the civil practice law and rules as to the notice, time or manner of such sale, if a substantial right of a party was prejudiced by the defect. Concomitantly, RPAPL 231 (6) provides, in relevant part, that a court, within one year after a foreclosure sale, may set the sale aside for failure to comply with the provisions of this section as to the notice, time or manner of such sale if a substantial right of a party was prejudiced by the defect. In addition to the authority granted by statute, [i]n the exercise of its equitable powers, a court has the discretion to set aside a foreclosure sale where there is evidence of fraud, collusion, mistake, or misconduct. In order to provide a basis for setting aside a sale, the evidence of fraud, collusion, mistake, or misconduct must cast suspicion on the fairness of the sale." *NJCC-NYS Community Restoration Fund, LLC v. Ruiz*, 228 A.D.3d 769, 771 (2d Dep't 2024) (Internal quotation marks and citations omitted). Further, "[a]lthough this power should be exercised sparingly and with great caution, a court of equity may set aside its own judicial sale upon grounds otherwise insufficient to confer an absolute legal right to a resale in order to relieve of oppressive or unfair conduct." *Guardian Loan Co. v. Early*, 47 N.Y.2d 515, 520-21 (1979).

"[Mere] inadequacy of price, however, is insufficient to vacate a sale, unless there are additional circumstances that warrant invocation of equity powers or unless the price is so inadequate as to shock the court's conscience. This rule rests on sound public policy criteria because in most instances the market value of the property will exceed the winning bid and to upset sales based on mere inadequacy of price would discourage bidding and unduly frustrate the rights of mortgagees to enforce their contracts." *Polish Natl. Alliance v. White Eagle Hall Co.*, 98 A.D.2d 400, 407 (2d Dep't 1983) (Internal quotation marks and citations omitted). "Absent such

2

[* 2]

conduct, the mere inadequacy of price is an insufficient reason to set aside a sale unless the price is so inadequate as to shock the court's conscience. [I]n most instances, the fair market value of a mortgaged property will exceed the winning bid on that property at a foreclosure sale." *N. Blvd. Corona, LLC v. N. Blvd. Prop., LLC*, 157 A.D.3d 895, 896 (2d Dep't 2018) (Internal quotation marks and citations omitted). Here, Defendant does not allege any fraud, collusion, mistake, or misconduct that would cast suspicion on the fairness of the sale. Rather, Defendant alleges that Plaintiff failed to serve the notice of sale on him and that the sale price of the property at the foreclosure auction was inadequate. Both contentions are without merit.

The record demonstrates that Defendant did not appear in this matter in any capacity until after the foreclosure sale when it filed the order to show cause on August 25, 2025. *See* Emergency Order to Show Cause, NYSCEF Doc. No. 91. "[A] defendant that fails to appear in the action within the meaning of CPLR 320 (a), without more, is not entitled to service of additional papers in the action, including, as relevant here, notice of any subsequent judgment or sale." *21st Mtge. Corp. v. Raghu*, 197 A.D.3d 1212, 1216-17 (2d Dep't 2021) (Internal quotation marks and citations omitted). As such, Defendant was not entitled to a notice of sale.

Notwithstanding, Plaintiff filed an affidavit of service for the notice of sale that was served on Defendant by Plaintiff's counsel via first-class mail on July 21, 2025. *See* Affidavit of Service, NYSCEF Doc. No. 88. Defendant's mere denial of receipt of the notice of sale is insufficient to overcome the presumption of receipt that arises from the filing of the affidavit of service. Though Defendant provides that Rushmore mailed the notice, this is unsupported. *See* Affidavit of Defendant in Support of Emergency Order to Show Cause at ¶4, NYSCEF Doc. No. 106. A "properly executed affidavit of service raise[s] a presumption that the notice of the foreclosure sale was properly mailed." *Citibank, N.A. v. Schimkus*, 231 A.D.2d 486, 487 (2d Dep't 1996). Further,

3

"a mere denial of receipt is insufficient to rebut a presumption of mailing where there is documentary proof of the mailing." *Citibank, N.A. v. Conti-Scheurer*, 172 A.D.3d 17, 23 (2d Dep't 2019). Thus, Defendant's allegation of non-receipt of the notice of sale is unavailing.

Moreover, Defendant has not sufficiently supported the contentions made as to the alleged property value. Even if the Court were to accept Defendant's contentions that the property is valued at $1,564,000 (per Zillow) or $2,100,000 (per the Letter of Intent), the property sold for $990,000 at auction, representing either 63% or 47% of the value alleged by Defendant. *See* Zillow Printout, Letter of Intent, NYSCEF Doc. Nos. 107-108; Foreclosure Auction Surplus Monies Form, NYSCEF Doc. No. 90. Courts have consistently held that such sale prices are adequate. *See Glenville & 110 Corp. v. Tortora*, 137 A.D.2d 654 (2d Dep't 1988) (50% of estimated property value is reasonable price); *see also Mei Yun Li v. Qing He Xu*, 38 A.D.3d 731, 732 (2d Dep't 2007) ("the price at the auction sale, 58% of the value of the property as alleged by the defendant, was not so low as to shock the conscience of the court").

Finally, Defendant's reliance on RPAPL 231 as requiring service of the notice of sale on Defendant is not supported by a reading of the statute, which merely requires publishing the notice of sale. *See Polish Natl. Alliance* at 98 A.D.2d at 407 (pursuant to RPAPL 231, only publication of notice of sale is required where party failed to answer or appear). "Although the appellant's plight may evoke some sympathy, the record here is devoid of any showing warranting intervention by a court of equity. The appellant makes no allegations, nor is there any evidence, of fraud, collusion, mistake, misconduct or overreaching. Accordingly, the appellant's allegation concerning the adequacy of the sale price obtained at the foreclosure sale is insufficient to warrant judicial intervention as a matter of equity." *Bankers Fed. Sav. & Loan Assn. v. House,* 182 A.D.2d 602, 603 (2d Dep't 1992). Lastly, Defendant's reliance on RPAPL 1304 and RPTL 1125 is

4

inapposite. The first statute is irrelevant to the notice of sale and only applies to foreclosure pre-commencement requirements, and the second statute applies to tax foreclosures, not mortgage foreclosures.

## CONCLUSION

Accordingly, Defendant's order to show cause is DENIED. All stays are lifted. The Court has considered the additional contentions of the parties not specifically addressed herein. To the extent that any relief requested was not addressed by the Court, it is hereby DENIED. Defendant shall serve notice of entry of this order within ten (10) days of the upload of the order to NYSCEF upon Plaintiff, Defendants, the Referee, the foreclosure sale buyer, and all parties who have appeared in this action, with those not participating in e-filing to be noticed via first-class mail.

This constitutes the Decision and Order of the Court.

ENTER:

_____
Hon. Carolyn Walker-Diallo, J.S.C.

5