■ In the Matter of OCINO, INC., Respondent, v DAVID H. FROMM et al., Respondents, and JAMES MITCHELL et al., Intervenor-Appellants. [716 NYS2d 860] —In a proceeding pursuant to CPLR 5227 for a judgment directing the turnover of certain shares of stock held in escrow, the appeal is from an or-

der of the Supreme Court, Kings County (Arniotes, J.), dated January 20, 2000, which denied the motion of the intervenors James Mitchell, Fay Mitchell, and B & J General Contractors, Inc., for a protective order pursuant to CPLR 5240, limiting the petitioner's right to execute against the subject shares of stock.

Ordered that the order is affirmed, with costs.

CPLR 5240 empowers a court with broad discretionary authority to control and regulate procedures to enforce a judgment to prevent " 'unreasonable annoyance, expense, embarrassment, disadvantage or other prejudice to any person or the courts' " (*Guardian Loan Co. v Early*, 47 NY2d 515, 519, quoting Third Preliminary Report of Advisory Comm on Practice and Procedure, 1959, at 314; *Yeshiva Tifferes Torah v Kesher Intl. Trading Corp.*, 246 AD2d 538; *Paz v Long Is. R. R.*, 241 AD2d 486). The appellants failed to demonstrate their entitlement to relief under this provision. The petitioner is the assignee of a judgment against, among others, the appellants, arising from their default on a line of credit. The appellant James Mitchell executed a guarantee therefor. He also executed an indemnification agreement in favor of a co-guarantor and fellow judgment debtor, pursuant to which Mitchell pledged the subject shares of stock as security. Mitchell also acknowledged "responcibility" [*sic*] for the underlying obligation. The petitioner, as assignee of the judgment, is entitled to seek satisfaction thereof by executing on the shares of stock. Mangano, P. J., S. Miller, Friedmann and Feuerstein, JJ., concur.