■ KAATSBAAN INTERNATIONAL DANCE CENTER, INC., Appellant, v TBAYS, LLC, et al., Respondents. [864 NYS2d 129]—

In an action, inter alia, to set aside a transfer of real property, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Dolan, J.), dated April 3, 2007, which denied its motion to consolidate this action with an action entitled *Rondack Constr. Servs., Inc. v Kaatsbaan Intl. Dance Ctr., Inc.,* pending in the Supreme Court, Dutchess County, under index No. 6260/05, and granted that branch of the defendants' cross motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground of collateral estoppel.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' cross motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground of collateral estoppel and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements.

In an appeal in a related action, we are holding that the judicial sale of the subject real property to TBays, LLC (hereinafter TBays), was void (*see Rondack Constr. Servs., Inc. v Kaatsbaan Intl. Dance Ctr., Inc.,* 54 AD3d 924 [2008] [decided herewith]). Therefore, the claim of the defendant Callander House, LLC, that it is a bona fide purchaser for value of the property from TBays, is not sufficient to defeat the plaintiff's claim to title (*see Herman v Siegmund,* 102 AD2d 810, 812 [1984]). The Supreme Court, therefore, should not have granted that branch of the defendants' cross motion which was to dismiss the complaint on the ground that the plaintiff was collaterally estopped from setting aside the transfer of the real property by virtue of the Supreme Court's determination in the related action that the judicial sale was valid.

The parties' remaining contentions are without merit. Spolzino, J.P., Carni, Dickerson and Eng, JJ., concur.