■ RONDACK CONSTRUCTION SERVICES, INC., Respondent, v KAATSBAAN INTERNATIONAL DANCE CENTER, INC., Appellant. TBAYS, LLC, Nonparty Respondent. [864 NYS2d 127]—

In an action to recover on a promissory note, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Dolan, J.), dated December 11, 2006, as denied those branches of its motion which were to set aside the judicial sale of certain real property owned by it and to compel the Dutchess County Sheriff to accept its certified check in full satisfaction of a judgment of the same court entered February 23, 2006, which is in favor of the plaintiff and against it in the total sum of $105,631.05, and granted that branch of the cross motion of nonparty TBays, LLC, the successful bidder at auction, which was pursuant to CPLR 5236 (f) to direct the Dutchess County Sheriff to execute, and deliver to TBays, LLC, proofs of publication, service, and posting of the notice of the sale and a deed conveying, to TBays, LLC, the right, title, and interest in the real property.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the defendant's motion which were to set aside the judicial sale of the real property and to compel the Dutchess County Sheriff to accept its certified check in full satisfaction of the judgment are granted, and that branch of the cross motion which was pursuant to CPLR 5236 (f) is denied.

When the defendant Kaatsbaan International Dance Center, Inc. (hereinafter Kaatsbaan), failed to satisfy a judgment that the plaintiff obtained against it, the plaintiff executed upon certain real property that Kaatsbaan owned. The office of the Sheriff of Dutchess County duly noticed a judicial auction and sale of the property to be held at 11:00 A.M. on September 6, 2006. At 11:15 A.M. on that day, a lieutenant in that office gave an "orientation/introduction" to those present and then read the terms of the sale. Immediately thereafter, Gregory Cary, Kaatsbaan's Executive Director, asked the lieutenant if the sale could be stopped by satisfying the judgment "right now by check." The lieutenant responded that he would "cancel the sale upon receipt of satisfactory payment." When another bidder objected, the lieutenant telephoned the Office of the County Attorney, Dutchess County, for legal advice.

While the lieutenant was waiting for a response, Cary obtained, and offered to the lieutenant, a cashier's check in an

amount sufficient to satisfy the judgment, as well as the interest, poundage, and other related fees. Based upon advice from the County Attorney's office, however, the lieutenant declined to accept the check from Cary, and instead entertained bids. The sale ended a few minutes later with the lieutenant's acceptance of the high bid of Shawn Pratt, which was made on behalf of nonparty, TBays, LLC (hereinafter TBays).

On September 13, 2006 Kaatsbaan moved, inter alia, to vacate the sale and to compel the Sheriff to accept its check in full satisfaction of the judgment. TBays cross-moved, inter alia, to direct the sheriff to execute and deliver the deed and related documents with respect to the judicial sale, as required by CPLR 5236 (f). In a single order, the Supreme Court denied Kaatsbaan's motion and granted the branch of the cross motion which was to direct the Sheriff to execute and deliver the relevant documents to TBays. We reverse the order insofar as appealed from.

Kaatsbaan is correct that the Supreme Court should have granted those branches of its motion which were to set aside the sale and to compel the Sheriff to accept its check in full satisfaction of the judgment. When the judgment debtor tenders the amount necessary to satisfy the judgment, the execution lien is discharged (see *Tiffany v St. John,* 65 NY 314 [1875]). Although a judgment debtor no longer has the right to redeem after the sale has been concluded (see CPLR 5236; *Guardian Loan Co. v Early,* 47 NY2d 515, 518 [1979]; 1959 Rep of Advisory Comm on Civ Prac § 61.13, at 303), the tender was made here, in the proper amount and form, prior to the commencement of bidding at the judicial auction and sale. Under such circumstances, the "instantaneous effect" of that tender is to discharge the execution lien, thereby terminating the Sheriff's authority to sell the property (see *Tiffany v St. John,* 65 NY at 318). "Where the act [of a party conducting a judicial sale] is unauthorized and property rights of a party in interest are injured, the act must be repudiated" (*Mullins v Franz,* 162 App Div 316, 318 [1914]; see *Greenwood Packing Profit Sharing Plan Trust v Fournier,* 181 AD2d 861, 862 [1992]).

Motion by the nonparty respondent, inter alia, to dismiss an appeal from an order of the Supreme Court, Dutchess County, dated December 11, 2006, on the ground that the appeal has been rendered academic. By decision and order on motion of this Court dated May 10, 2007 [2007 NY Slip Op 69296(U)], that branch of the motion which was to dismiss the appeal on the ground that it has been rendered academic was referred to the panel of Justices hearing this appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is,

Ordered that the motion is denied. Spolzino, J.P., Carni, Dickerson and Eng, JJ., concur.