[923 NE2d 561, 896 NYS2d 278]

RONDACK CONSTRUCTION SERVICES, INC., Respondent, v KAATS-BAAN INTERNATIONAL DANCE CENTER, INC., Respondent. TBAYS, LLC, Nonparty Appellant.

Argued November 17, 2009; decided December 15, 2009

## POINTS OF COUNSEL

*Teahan & Constantino*, Poughkeepsie (*Richard I. Cantor* of counsel), for nonparty appellant. I. The procedures for enforcement of money judgments codified in article 52 of the CPLR, including the discretionary provisions for protective relief, supersede and supplant the common-law holding in *Tiffany v St. John* (65 NY 314 [1875]) erroneously relied upon by the Appellate Division in its holding that a tender prior to commencement of active bidding in a sheriff's sale instantaneously discharges an execution lien. (*Guardian Loan Co. v Early,* 47 NY2d 515; *Paz v Long Is. R.R.,* 241 AD2d 486; *Matter of Sanders v Manufacturers Hanover Trust Co.,* 229 AD2d 544; *Kolortron Sys. v Casey,* 118 AD2d 687; *Tweedie Constr. Co. v Stoesser,* 65 AD2d 657; *Moskin v Midland Bank & Trust Co.,* 96 Misc 2d 600.) II. The correct standard of review for determination of the appeal at the Appellate Division was whether Acting Supreme

Court Justice Dolan abused his discretion in upholding the sheriff's sale. (*Fiore v Oakwood Plaza Shopping Ctr.*, 178 AD2d 311; *Matter of Sanders v Manufacturers Hanover Trust Co.*, 229 AD2d 544; *Matter of National Loan Invs. v Futersak*, 294 AD2d 506; *Webb v Torrington Indus., Inc.*, 28 AD3d 1216; *Gorea v Pinsky*, 50 AD2d 713; *Technology Multi Sources, S.A. v Stack Global Holdings, Inc.*, 44 AD3d 931; *Tiffany v St. John*, 65 NY 314.) III. Acting Supreme Court Justice Dolan did not abuse his discretion in denying protective relief to Kaatsbaan International Dance Center, Inc. (*Cook v H. R. H. Constr. Corp.*, 32 AD2d 806; *Midlantic Natl. Bank/N. v Reif*, 732 F Supp 354; *Hammond v Econo-Car of N. Shore*, 71 Misc 2d 546; *Nord v Berman*, 5 Misc 3d 1002[A], 2004 NY Slip Op 51150[U]; *Swift v Swift*, 260 AD3d 468; *AMEV Capital Corp. v Kirk*, 180 AD2d 791; *Donaghy v Donaghy*, 203 AD2d 803; *Wandschneider v Bekeny*, 75 Misc 2d 32; *Federal Deposit Ins. Co. v Lapadula*, 137 Misc 2d 559; *Matter of Ocino, Inc. v Fromm*, 276 AD2d 558.)

*Malcolm S. Taub LLP*, New York City (*Malcolm S. Taub* of counsel), for Kaatsbaan International Dance Center, Inc., respondent. I. The Second Department properly determined that when Kaatsbaan International Dance Center, Inc., the judgment debtor, tendered the full judgment amount prior to the execution sale, the execution lien was instantaneously discharged, and the Sheriff's authority to sell the property was terminated. (*Tiffany v St. John*, 65 NY 314; *Gersten-Hillman Agency v Lichtenstein & Friedman Realty Corp.*, 182 AD2d 1041; *Wandschneider v Bekeny*, 75 Misc 2d 32; *Paz v Long Is. R.R.*, 241 AD2d 486; *Matter of Sanders v Manufacturers Hanover Trust Co.*, 229 AD2d 544; *Kolortron Sys. v Casey*, 118 AD2d 687; *Tweedie Constr. Co. v Stoesser*, 65 AD2d 657; *Moskin v Midland Bank & Trust Co.*, 96 Misc 2d 600; *Guardian Loan Co. v Early*, 47 NY2d 515; *Sweeney, Cohn, Stahl & Vaccaro v Kane*, 33 AD3d 785.) II. Appellant's claim that the Appellate Division applied an improper standard of review is meritless. The Appellate Division did not make a de novo review of any discretionary determination by the Supreme Court under CPLR 5240. The Appellate Division simply determined that Kaatsbaan International Dance Center, Inc. tendered the full judgment amount before the execution sale. (*Dale v Emerson Elec. Co.*, 219 AD2d 815; *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492; *Zeltser v Sacerdote*, 52 AD3d 824.) III. Because the tender of the amount due prior to the alleged sheriff's sale extinguished the execution lien and terminated the right of the Sheriff to sell the property, under CPLR 2003,

the Supreme Court should have granted the relief sought by Kaatsbaan International Dance Center, Inc. (*Gersten-Hillman Agency v Lichtenstein & Friedman Realty Corp.*, 182 AD2d 1041; *Shaw v Russell*, 95 AD2d 977.) IV. If this Court finds that a review under CPLR 5240 is necessary, this Court must find that the Supreme Court improvidently exercised its discretion and abused its discretion in declining to grant Kaatsbaan International Dance Center, Inc. protective relief under CPLR 5240. (*Matter of National Loan Invs. v Futersak*, 294 AD2d 506; *Paduano v Paduano*, 47 AD2d 660; *Mast Prop. Invs. v Gaines Serv. Leasing Corp.*, 194 AD2d 412.)

## OPINION OF THE COURT

GRAFFEO, J.

In this case, we reaffirm *Tiffany v St. John* (65 NY 314 [1875]) and hold that a judgment debtor's tender to the sheriff before its property is auctioned at a judicial sale automatically discharges the execution lien, terminating the sheriff's authority to sell the property.

In early 2006, plaintiff Rondack Construction Services, Inc. obtained a default judgment against defendant Kaatsbaan International Dance Center, Inc. for $105,631.05 based on Kaatsbaan's failure to pay a promissory note. When Kaatsbaan did not satisfy the judgment, Rondack delivered an execution directing the Dutchess County Sheriff to sell a 53-acre parcel owned by Kaatsbaan. The Sheriff scheduled a judicial auction and sale of the property for 11:00 A.M. on September 6, 2006.

The auction commenced as planned. Before bidding began, Kaatsbaan's executive director asked the lieutenant from the Sheriff's department whether the sale could be prevented by satisfying the judgment with a check. The lieutenant phoned the County Attorney's office for legal advice and, while awaiting its response, Kaatsbaan's agent offered him a cashier's check for $116,754.15, an amount sufficient to satisfy the judgment, together with interest, poundage and other related fees. After receiving instructions from the County Attorney's office, the lieutenant refused the tender and proceeded with the sale. A bid of $118,000 made on behalf of TBays, LLC was accepted as the highest bid.

On September 13th, Kaatsbaan moved to vacate the sale and compel the Sheriff to accept its check in full satisfaction of the judgment. TBays cross-moved to direct the Sheriff to execute and deliver the deed and related documents.

Supreme Court denied Kaatsbaan's motion and granted TBays' cross motion. The Appellate Division reversed, thereby granting Kaatsbaan's motion to vacate the sale and compel the Sheriff to accept the check (54 AD3d 924 [2d Dept 2008]). Relying on *Tiffany*, the court held that Kaatsbaan's pre-sale tender discharged the execution lien, and therefore, the Sheriff lacked capacity to sell the parcel.

In granting leave to appeal, the Appellate Division certified the following question: "Was the decision and order of this court dated September 23, 2008, properly made?" We now answer the question in the affirmative.

In *Tiffany*, the sheriff levied on a judgment debtor's boat pursuant to an execution and proceeded to sell it at a public auction. Before bidding began, the judgment debtor tendered to the sheriff an amount sufficient to satisfy the judgment and all associated costs. The sheriff refused the tender and sold the boat to the highest bidder. Analogizing to the common-law equity of redemption in the mortgage foreclosure context, this Court held more than a century ago that, under these circumstances, the tender was the equivalent of payment and had the "instantaneous effect" of discharging the lien created by the execution (65 NY at 318). Consequently, the sheriff lost the authority to sell the property, resulting in an improper conveyance.

TBays acknowledges that *Tiffany* compels an affirmance if it remains good law. It urges, however, that the CPLR article 52 procedures relating to the enforcement of money judgments— and CPLR 5236 and 5240 in particular—abrogated the common-law rule articulated by *Tiffany*. We disagree.

CPLR 5236 delineates the procedures applicable to a sheriff's sale of a judgment debtor's real property. In *Guardian Loan Co. v Early* (47 NY2d 515 [1979]), we noted that CPLR 5236 abolished the debtor's statutory right (codified in the former Civil Practice Act) to redeem property *after* it had been sold at auction. The enactment of CPLR 5236, however, did not alter a debtor's right to recover property *before* a judicial sale. In fact, CPLR 5236 (a) preserves "a kind of 'redemption' period" because it requires at least an eight-week time frame between the posting of notice and the sale itself (10th Ann Rep of NY Jud Conf, at 123). We believe that *Tiffany*, which effectively permits a judgment debtor to redeem by tendering full payment to the sheriff before the property is sold at auction, is fully compatible with CPLR 5236 and remains an accurate statement of New York law.

TBays' reliance on CPLR 5240 is similarly misplaced. CPLR 5240 allows a court to issue a protective order "denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure." We have observed that this provision "grants the courts broad discretionary power to control and regulate the enforcement of a money judgment under article 52 to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts" (*Guardian*, 47 NY2d at 519 [internal quotation marks and citation omitted]). But nothing in CPLR 5240 explicitly or implicitly supplants *Tiffany*. A property owner who desires to tender the appropriate amount before the actual sale is free to do so without the need to move under CPLR 5240. Stated differently, property owners possess a common-law right under *Tiffany* to redeem their property before sale without judicial intervention.

Here, as in *Tiffany*, Kaatsbaan timely tendered an amount sufficient to satisfy the judgment and all fees and expenses. Kaatsbaan's tender extinguished the lien and foreclosed the sale of the property. The Appellate Division therefore properly granted Kaatsbaan's motion to set aside the sale and compel the Sheriff to accept its check in full satisfaction of the judgment.

Accordingly, the order of the Appellate Division should be affirmed, without costs, and the certified question answered in the affirmative.

Chief Judge LIPPMAN and Judges CIPARICK, READ, SMITH, PIGOTT and JONES concur.

Order affirmed, etc.