12-4895-cv
Cappiello v. ICD Publications, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of November, two thousand thirteen.

Present:
> ROBERT D. SACK,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges,*

_____

Robert N. Cappiello,

> *Plaintiff-Appellant*,

> v.                                                          No. 12-4895-cv

ICD Publications, Inc., David Palcek,

> *Defendants-Appellees*.

_____

FOR APPELLANT:          Danielé D. De Voe, Weinstein, Kaplan & Cohen, Garden City, NY.

FOR APPELLEES:          Edward M. Kay, Christopher T. Scanlon, Don R. Sampen, Clausen Miller, P.C., New York, NY.

                        Clausen Miller, P.C., Chicago, IL.

_____

1

Appeal from orders of the United States District Court for the Eastern District of New York (Spatt, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

Plaintiff-Appellant Robert Cappiello appeals from (1) the district court's November 2, 2012 order directing him to file a satisfaction of judgment, to pay the fee incurred by a New York City Marshal in partially enforcing a money judgment in Cappiello's favor that was previously entered in this case (the "Marshal's fee" or "poundage fee"), and discharging the supersedeas bond company; and (2) the district court's December 6, 2012 order denying Cappiello's motion for reconsideration of the court's November 2, 2012 order. Cappiello principally argues that the district court erred in ordering him to pay the Marshal's fee on the ground that his attempt to enforce the judgment was invalid. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Under Federal Rule of Civil Procedure 69, "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Because there is no federal statute or rule addressing which party is liable for fees incurred by a marshal in executing a judgment, we apply New York law.

Under N.Y. C.P.L.R. § 8012(b)(1), a sheriff or marshal who collects money in executing a judgment is entitled to poundage, which is a fee consisting of a percentage of the sum collected. The district court's allocation of poundage is reviewed for abuse of discretion. *See Japan Airlines Co. v. Port Authority of N.Y. & N.J.*, 178 F.3d 103, 114 (2d Cir. 1999) (citing Fed. R. Civ. P. 54(d)(1), which establishes the district court's discretion in awarding costs other

than attorney's fees); 28 U.S.C. § 1920(1) (stating that costs of a lawsuit include the fees of a marshal). We have not articulated a standard of review that applies to a district court's vacatur of a property execution, which under New York law is central to determining which party must pay poundage. It is not necessary to do so here, however, inasmuch as the district court's vacatur withstands scrutiny under either deferential or *de novo* review.

For substantially the same reasons as those stated in its November 2, 2012 and December 6, 2012 decisions, the district court properly vacated the property execution and ordered Cappiello to pay the Marshal's fee under New York law. *See Cappiello v. ICD Publications, Inc.*, No. 08-cv-2417, 2012 WL 5422230, at *10-13 (E.D.N.Y. Nov. 2. 2012); *Cappiello v. ICD Publications, Inc.*, No. 08-cv-2417, 2012 WL 6055551, at *6-8 (E.D.N.Y. Dec. 6, 2012). As the district court recognized, the property execution that Cappiello issued to a New York City Marshal in June 2012[1] was defective because it incorrectly calculated post-judgment interest at the New York state rate of 9% set forth in N.Y. C.P.L.R. § 5004, rather than at the federal rate of 0.25% calculated according to 28 U.S.C. § 1961. *See Cappiello v. ICD Publications, Inc.*, 720 F.3d 109, 115 (2d Cir. 2013) (upholding the district court's determination in this case that post-judgment interest is to be calculated at the federal rate). Moreover, even if Cappiello properly served an "amended levy" reflecting the federal interest rate, as he contends, any June 2012

---

[1] Cappiello's arguments reference two attempts to enforce the judgment in this case: a property execution that he issued to the Suffolk County Sheriff's Office in November 2010, and a property execution that he issued to a New York City Marshal in June 2012. The record demonstrates, however, that the poundage fee that the district court ordered Cappiello to pay was incurred solely as a result of the June 2012 property execution, which a New York City Marshal partially carried out by levying upon defendant ICD Publications's bank account. There is no indication in the record that any assets were restrained or any poundage fee was incurred in connection with the November 2010 execution attempt, and the district court did not address the validity of that execution attempt, *see Cappiello*, 2012 WL 5422230, at *12 (concluding only that Cappiello's June 2012 execution attempt was invalid). The November 2010 execution attempt thus is not relevant to the instant appeal.

3

property execution was void *ab initio* under *Rondack Construction Services, Inc. v. Kaatsbaan Int'l Dance Center, Inc.*, 54 A.D.3d 924, 864 N.Y.S.2d 128 (2d Dep't 2008) (citing *Tiffany v. St. John*, 65 N.Y. 314, 318 (1875)), *aff'd*, 13 N.Y.3d 580, 896 N.Y.S.2d 278 (2009), because of ICD Publications's March 7, 2012 tender, *see* E.D.N.Y. Dkt. No. 08-cv-2417, No. 88, at ¶ 7. For these reasons, the district court did not abuse its discretion in ordering Cappiello to pay poundage.

Cappiello also challenges the district court's order that he issue a full satisfaction of judgment and that the bond company be discharged, and concedes that the standard of review is abuse of discretion. Because the district court explicitly permitted Cappiello to retain his right to appeal its decision regarding post-judgment interest and poundage, Cappiello's argument is immaterial. The district court did not abuse its discretion in requiring the satisfaction of judgment. Cappiello also makes no cognizable argument regarding the discharge of the bond company beyond its mere mention in one header in his principal brief, and so has waived this issue. *Cf. United States v. Restrepo*, 986 F.2d 1462, 1463 (2d Cir. 1993) (stating that "an argument mentioned only in a footnote" in a primary brief is not "adequately raised or preserved for appellate review"); *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 65-66 (2d Cir. 2007) (finding waiver where plaintiff did not "meaningfully challenge" the district court's denial of two motions).

Additionally, for substantially the same reasons as those stated in its December 6, 2012 decision, the district court did not abuse its discretion in denying Cappiello's motion for reconsideration of its November 2, 2012 decision. *See Cappiello*, 2012 WL 6055551, at *6-8; *see also RJE Corp. v. Northville Indus. Corp.*, 329 F.3d 310, 316 (2d Cir. 2003) (stating that denial of motion for reconsideration is reviewed for abuse of discretion).

4

We have considered Cappiello's arguments on appeal and find them to be without merit.

Accordingly, the district court's November 2, 2012 and December 6, 2012 orders are

**AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk