Matter of Lew v Sobel (2021 NY Slip Op 01413)





Matter of Lew v Sobel


2021 NY Slip Op 01413


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-08217
 (Index No. 603870/18)

[*1]In the Matter of Mark Lew, respondent,
v
Gail Sobel, appellant.


The Law Firm of Jeffrey L. Solomon, PLLC, Jericho, NY, for appellant.
Wand & Goody, LLP, Huntington, NY (Jennifer H. Goody of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR 5206(e) to compel the sale of a homestead to satisfy certain money judgments, Gail Sobel appeals from an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered June 17, 2019. The order, insofar as appealed from, denied those branches of the motion of Gail Sobel which were (1) for leave to reargue with respect to a prior order of the same court entered April 26, 2019, appointing a receiver, and a judgment of the same court entered April 26, 2019, inter alia, directing the receiver to sell the homestead; (2) pursuant to CPLR 5240 to restrain the sale of the homestead and to discharge the receiver appointed to sell the homestead; and (3) for the Supreme Court to recuse itself from the case.
ORDERED that the appeal from so much of the order entered June 17, 2019, as denied that branch of the motion of Gail Sobel which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the appeal from so much of the order entered June 17, 2019, as denied that branch of the motion of Gail Sobel which was pursuant to CPLR 5240 to discharge the receiver is dismissed as academic; and it is further,
ORDERED that the order entered June 17, 2019, is affirmed insofar as appealed from and reviewed; and it is further,
ORDERED that one bill of costs is awarded to the petitioner.
The petitioner in the instant proceeding previously obtained several money judgments against Gail Sobel. In March 2018, the petitioner commenced this enforcement proceeding pursuant to CPLR 5206(e) to authorize and direct the sale of Sobel's principal residence (hereinafter the subject property) by the sheriff or a receiver in order to satisfy the money judgments. In a judgment entered April 26, 2019, the Supreme Court, inter alia, directed the sale of the subject property by a receiver. In an order entered April 26, 2019, the court, among other things, appointed a receiver to sell the subject property.
Thereafter, Sobel moved, inter alia, (1) for leave to reargue with respect to the order entered April 26, 2019, and the judgment; (2) pursuant to CPLR 5240 to discharge the receiver who was appointed to sell the subject property and to restrain the sale of the subject property; and (3) for the Supreme Court to recuse itself. In an order entered June 17, 2019, the court denied the motion. Sobel appeals.
CPLR 5240 "grants the courts broad discretionary power to alter the use of procedures set forth in CPLR article 52" (Kantrowitz, Goldhamer & Graifman, P.C. v Spivack, 170 AD3d 821, 822; see Guardian Loan Co. v Early, 47 NY2d 515, 517-519; Rondack Constr. Servs., Inc. v Kaatsbaan Intl. Dance Ctr., Inc., 13 NY3d 580, 585). Pursuant to CPLR 5240, a court has the power to restrain an impending sale of a judgment debtor's principal residence (see Guardian Loan Co. v Early, 47 NY2d at 519; see also Cruz v TD Bank, N.A., 22 NY3d 61, 76 n 4; Sweeney, Cohn, Stahl & Vaccaro v Kane, 33 AD3d 785, 787). Here, the Supreme Court providently exercised its discretion in denying that branch of Sobel's motion which was pursuant to CPLR 5240 to restrain the sale of the subject property (see Matter of Ocino, Inc. v Fromm, 276 AD2d 558, 559; Matter of Sanders v Manufacturers Hanover Tr. Co., 229 AD2d 544; Matter of AMEV Capital Corp. v Kirk, 180 AD2d 791, 792). Additionally, in light of our determination of the related appeal (see Matter of Lew v Sobel, __ AD3d __ [Appellate Division Docket No. 2019-06557;decided herewith]), inter alia, vacating the order entered April 26, 2019, which appointed the receiver, Sobel's contention that the court improvidently exercised its discretion in denying that branch of her motion which was to discharge the receiver has been rendered academic.
"Absent a legal disqualification under Judiciary Law § 14, the determination of a motion for recusal of the Justice presiding based on alleged impropriety, bias, or prejudice is within the discretion and the personal conscience of the court" (Nationstar Mtge., LLC v Balducci, 165 AD3d 959, 960; see Sassower v Gannett Co, Inc, 109 AD3d 607, 609). Here, Sobel failed to establish a basis for recusal pursuant to Judiciary Law § 14, and failed to set forth any proof of bias or prejudice on the part of the Supreme Court which would have warranted recusal (see Nationstar Mtge., LLC v Balducci, 165 AD3d at 960). Accordingly, the court providently exercised its discretion in denying that branch of Sobel's motion which was for recusal.
RIVERA, J.P., CHAMBERS, CHRISTOPHER and WOOTEN, JJ., concur.

2019-08217 DECISION & ORDER ON MOTION
In the Matter of Mark Lew, respondent,
v Gail Sobel, appellant.
(Index No. 603870/18)

Motion by the respondent, inter alia, to strike Points I and III of the appellant's brief on an appeal from an order of the Supreme Court, Nassau County, entered June 17, 2019, on the ground that those portions of the brief raise arguments concerning so much of the order as denied that branch of the appellant's motion which was for leave to reargue and no appeal lies from an order denying reargument, and to strike Point II of the appellant's brief on the ground that the argument contained in that portion of the brief improperly raises an issue for the first time on appeal. Motion by the appellant, among other things, to strike the respondent's brief or stated portions of the brief on an appeal from an order of the Supreme Court, Nassau County, entered June 17, 2019, on the ground, inter alia, that they refer to matter dehors the record or improperly raise issues for the first time on appeal. By decision and order on motion of this Court dated September 14, 2020, that branch of the respondent's motion which is to strike stated portions of the appellant's brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof. By decision and order on motion of this Court dated December 30, [*2]2020, that branch of the appellant's motion which is to strike the respondent's brief or stated portions of the brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motions, and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the respondent's motion which is to strike Point I of the appellant's brief on the ground that Point I of the brief raises arguments concerning so much of the order entered June 17, 2019, as denied that branch of the appellant's motion which was for leave to reargue is denied as unnecessary in light of our determination of the appeal from the order; and it is further,
ORDERED that the branch of the respondent's motion which is to strike Point II of the appellant's brief on the ground that the argument contained in that portion of the brief improperly raises an issue for the first time on appeal is granted, and Point II of the appellant's brief is stricken and has not been considered in the determination of the appeal; and it is further,
ORDERED that the branch of the respondent's motion is which is to strike Point III of the appellant's brief on the ground that Point III of the brief raises arguments concerning so much of the order entered June 17, 2019, as denied that branch of the appellant's motion which was for leave to reargue is denied; and it is further,
ORDERED that the branch of the appellant's motion which is to strike the respondent's brief or stated portions of the brief is granted to the extent that the following portions of the respondent's brief are stricken and have not been considered in the determination of the appeal: (1) so much of the first full paragraph on page 9 as references the "adult children"; (2) so much of the third sentence of the second full paragraph on page 9 as states that the "sheriff is more likely to sell as is - significantly reducing the sale of the property because it is being sold with tenants holding the property hostage"; (3) so much of the third full paragraph on page 9 as states that "given that since 2003 [the] [a]ppellant has failed to abide by any Court Orders"; (4) so much of footnote number 2 on page 9 as states that the appellant has "failed and refused to cooperate, voluntarily, with a single Order of any Court in the last 17 years"; (5) the second sentence and the third sentence of the fourth full paragraph beginning on page 9 and continuing on page 10; (6) so much of the fourth sentence of the first full paragraph on page 10 as references the "adult children"; (7) the second full paragraph beginning on page 10 and ending on page 11; (8) so much of the first full paragraph on page 11 as references the "adult children's actions"; and (9) the second full paragraph beginning on page 14 and ending on page 15; and it is further,
ORDERED that the branch of the appellant's motion which is to strike the respondent's brief or stated portions of the brief is otherwise denied.
RIVERA, J.P., CHAMBERS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court