# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**286**

**CA 14-01113**

PRESENT: SCUDDER, P.J., LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

ALTSHULER SHAHAM PROVIDENT FUNDS, LTD.,
PLAINTIFF-APPELLANT,

V                                            MEMORANDUM AND ORDER

GML TOWER LLC, ET AL., DEFENDANTS,
THE PIKE COMPANY, INC., L.A. PAINTING, INC.,
THE HAYNER HOYT CORPORATION, SYRACUSE MERIT
ELECTRIC, A DIVISION OF O'CONNELL ELECTRIC CO.,
INC., AND TAG MECHANICAL SYSTEMS, INC.,
DEFENDANTS-RESPONDENTS.
-------------------------------------------
SYMPHONY TOWER LLC, RESPONDENT.

---

D'AGOSTINO, LEVINE, LANDESMAN & LEDERMAN, LLP, NEW YORK CITY (BRUCE H. LEDERMAN OF COUNSEL), AND HANCOCK & ESTABROOK, LLP, SYRACUSE, FOR PLAINTIFF-APPELLANT.

PHILLIPS LYTLE LLP, ROCHESTER (MARK J. MORETTI OF COUNSEL), FOR DEFENDANT-RESPONDENT THE PIKE COMPANY, INC.

HAHN LOESER & PARKS LLP, SARATOGA SPRINGS (ANDREW AGATI OF COUNSEL), AND GILBERTI STINZIANO HEINTZ & SMITH, P.C., SYRACUSE, FOR DEFENDANT-RESPONDENT THE HAYNER HOYT CORPORATION.

BYRNE, COSTELLO & PICKARD, P.C., SYRACUSE (JORDAN R. PAVLUS OF COUNSEL), FOR DEFENDANTS-RESPONDENTS SYRACUSE MERIT ELECTRIC, A DIVISION OF O'CONNELL ELECTRIC CO., INC. AND TAG MECHANICAL SYSTEMS, INC.

GOLDBERG SEGALLA LLP, BUFFALO (MARC W. BROWN OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered March 18, 2014. The order denied plaintiff's motion seeking, inter alia, to modify the judgment of foreclosure and sale.

It is hereby ORDERED that the order so appealed from is reversed in the exercise of discretion without costs and plaintiff's motion is granted, the judgment of foreclosure and sale is modified by granting plaintiff priority in the amount of $5,500,000, plus interest from March 29, 2007, the order confirming the Referee's report of sale is vacated, the Referee's deed is set aside and a new foreclosure sale

for 101-131 Onondaga Street, Syracuse, New York is ordered.

Memorandum: Plaintiff, formerly known as Perfect Provident Fund Ltd., commenced this mortgage foreclosure action against defendants related to several properties that, together, make up the Hotel Syracuse complex in downtown Syracuse. The parties disputed the priorities of their respective claims to the proceeds of the impending foreclosure sales. Following extensive litigation, a judgment of foreclosure, a foreclosure sale and, ultimately, a remittitur from the Court of Appeals (*Altshuler Shaham Provident Funds, Ltd. v GML Tower, LLC*, 21 NY3d 352, 357, *rearg denied* 21 NY3d 1047), plaintiff filed the motion that is the subject of this appeal seeking, inter alia, to modify the judgment of foreclosure and sale, to vacate the order of Supreme Court confirming the Referee's report of sale of the property known as 101-131 Onondaga Street, Syracuse NY, to set aside the Referee's deed for that property and to order a new foreclosure sale of that property. That motion was denied, and we now reverse.

In 2005 defendants GML Tower LLC, GML Syracuse, LLC and GML Addis LLC (GML defendants) purchased three properties: a hotel with garage, a 15-story tower addition to the hotel, and a building that once housed a department store. The purchase was financed by a duly recorded mortgage held by a "now-defunct Illinois-based bank" (*id.*). In 2007, plaintiff loaned approximately $10 million to defendant Ameris Holdings, Inc. and one of its subsidiaries, defendant GML Tower LLC, for the purposes of repaying the bank for the outstanding principal ($5.5 million) and financing the construction of improvements to the property known as the tower building ($4.5 million) (*see id.* at 357-358). Plaintiff did not, however, file the 2007 loan agreement or the 2008 amendment to that agreement in the county clerks' office, as required by Lien Law § 22. In December 2008, plaintiff commenced this mortgage foreclosure action against defendants, some of whom had mechanic's liens on the properties. Plaintiff also filed a notice of pendency on the properties pursuant to CPLR 6501. Following motions and cross motions for summary judgment, the court determined that, although some of plaintiff's mortgage was for the purpose of acquiring the property, the entirety of plaintiff's $10 million mortgage was subject to the subordination penalty of Lien Law § 22 and was therefore subordinate to the mechanic's liens (*Altshuler Shaham Provident Funds, Ltd.*, 28 Misc 3d 475). We affirmed Supreme Court's order for reasons stated (*Altshuler Shaham Provident Funds, Ltd.*, 83 AD3d 1563).

While plaintiff attempted to appeal to the Court of Appeals, the parties consented to entry of a final order for judgment of foreclosure, which was stayed pending certain action of the Court of Appeals or further order of the court. Meanwhile, plaintiff's notice of pendency expired by its terms, and plaintiff did not seek to extend it (*see* CPLR 6513). Ultimately, the Court of Appeals dismissed plaintiff's motion for leave to appeal "upon the ground that the order sought to be appealed from d[id] not finally determine the action within the meaning of the Constitution" (*Altshuler Shaham Provident Funds, Ltd.*, 18 NY3d 892, *rearg denied* 19 NY3d 837).

Following the Court of Appeals' determination, defendant The Hayner Hoyt Corporation (Hayner Hoyt) moved to vacate the stay of the foreclosure judgment. With the consent of all parties, the court vacated the stay and, on June 6, 2012, the tower building was sold to Hayner Hoyt at a public auction. Twelve days later, Hayner Hoyt sold the property to respondent, Symphony Tower LLC (Symphony), which is a domestic limited liability company that lists Gary V. Thurston as its registered agent. Thurston is the chairman and chief executive officer (CEO) of Hayner Hoyt, and Symphony's initial Department of State filing was on May 24, 2012.

An order confirming the Referee's report of sale was entered on July 13, 2012, and plaintiff thereafter again sought leave to appeal this Court's decision to the Court of Appeals. On June 11, 2013, the Court of Appeals modified our decision by concluding that the $5.5 million used by plaintiff to pay off the existing mortgage "was not subject to the subordination penalty" of Lien Law § 22 and that plaintiff was entitled to priority for that amount (*Altshuler Shaham Provident Funds, Ltd.*, 21 NY3d at 368). In its remittitur, the Court of Appeals ordered that the order of the Appellate Division be "modified, without costs, . . . and, as so modified, . . . affirmed." The Court further ordered that "this record of the proceedings in this Court be remitted to Supreme Court, Onondaga County, there to be proceeded upon according to law."

Plaintiff thereafter filed a "Successive Notice of Pendency in Foreclosure Action" (*see* CPLR 6516 [a]; RPAPL 1331), and moved in the Court of Appeals for clarification of the remittitur to determine whether the Court of Appeals was "precluding the Supreme Court from potentially exercising its inherent equitable discretion to vacate its judgment [of foreclosure] and order a new foreclosure sale." In the alternative, plaintiff sought to modify the decretal portion of the Court of Appeals' decision "to specifically provide that the judgment confirming the [R]eferee's report of sale . . . is remanded for further proceedings." Plaintiff's motion "for clarification or reargument" was denied with costs (*Altshuler Shaham Provident Funds, Ltd.*, 21 NY3d 1047).

Relying on the "well-established equitable power of the Court to modify foreclosure orders and vacate referee's deeds where a mistake and/or change in the law 'casts doubt upon the fairness of the sale,' " plaintiff moved to vacate the order confirming the Referee's report of sale and the Referee's deed and to direct a new foreclosure sale. The court denied the motion, determining that there was no "oppression, injustice or fundamental unfairness" to justify the court's exercise of its discretionary equitable powers to undo the foreclosure sale or otherwise modify the judgment of foreclosure (*Altshuler Shaham Provident Funds, Ltd.*, 42 Misc 3d 1232[A], 2014 NY Slip Op 50311[U], *3).

It is well settled that, even after a judicial sale to a good faith purchaser, "[a] court may exercise its inherent equitable power over a sale made pursuant to its judgment or decree to ensure that it is not made the instrument of injustice . . . . Although this power

should be exercised sparingly and with great caution, a court of equity may set aside its own judicial sale upon grounds otherwise insufficient to confer an absolute legal right to a resale in order to relieve [a party] of oppressive or unfair conduct" (*Guardian Loan Co. v Early*, 47 NY2d 515, 520-521; *see Fleet Fin. v Gillerson*, 277 AD2d 279, 280). Generally, such discretion, "which is separate and distinct from any statutory authority" (*Wayman v Zmyewski*, 218 AD2d 843, 844), is exercised where fraud, mistake, exploitive overreaching, misconduct, irregularity or collusion "casts suspicion on the fairness of the sale" (*Fleet Fin.*, 277 AD2d at 280; *see Guardian Loan Co.*, 47 NY2d at 521; *Wells Fargo Bank, N.A. v IPA Asset Mgt. III, LLC*, 111 AD3d 820, 821-822). It may also be exercised where "the price is so inadequate as to shock the court's conscience" (*Polish Natl. Alliance of Brooklyn v White Eagle Hall Co.*, 98 AD2d 400, 407; *see Wells Fargo Bank, N.A.*, 111 AD3d at 822; *Harbert Offset Corp. v Bowery Sav. Bank*, 174 AD2d 650, 651) or where the judicial sale has been "made the instrument of injustice" (*Guardian Loan Co.*, 47 NY2d at 520).

While we agree with defendants that there has been no showing of fraud, mistake, exploitive overreaching, misconduct, irregularity or collusion, and the price is not so inadequate as to shock the conscience, we agree with plaintiff that, under the circumstances of this case, the judicial sale has been made the instrument of injustice.

There can be no dispute that plaintiff's failures have contributed to its current predicament. First, plaintiff failed to file the loan documents pursuant to Lien Law § 22 and, second, plaintiff failed to protect its rights by, inter alia, failing to extend the notice of pendency pursuant to CPLR 6513. Inasmuch as equitable relief should be invoked to " 'aid[] the vigilant and not those who slumber on their rights' " (*Kansas v Colorado*, 514 US 673, 687), defendants' contention that equity should not intervene is not without merit (*see Da Silva v Musso*, 76 NY2d 436, 439). Had those failures not occurred, plaintiff would have had an absolute legal right to relief and would not need to rely on equity's intervention.

Despite plaintiff's failings, we conclude that a balancing of the equities in this case favors plaintiff. The Court of Appeals declined to review this Court's order until after the foreclosure sale and order confirming the Referee's report of sale. Had plaintiff been able to appeal this Court's order initially, as in *Da Silva* (76 NY2d at 439), the priorities would have been established before any judicial sale occurred, and there would have been no need for subsequent litigation to set aside the sale. Moreover, Hayner Hoyt and Symphony, through its agent, had actual notice of the ongoing litigation and the potential risks in buying the property. While defendants correctly contend that actual knowledge of a pending appeal is "not legally significant and that, in the absence of an outstanding valid notice of pendency, the owner's ability to transfer clear title to the disputed property remains unimpaired" (*id*. at 438; *see Aubrey Equities v Goldberg*, 247 AD2d 253, 253, *lv denied* 92 NY2d 802), we nevertheless conclude that such knowledge may be considered when balancing the equities in this case. Symphony's agent is Hayner

Hoyt's chairman and CEO, and Symphony's initial filing with the Department of State was less than one month before the judicial sale. Hayner Hoyt transferred title to the property to Symphony only 12 days after purchasing it at the judicial sale.  We thus conclude that the prejudice sustained by Symphony does not outweigh the prejudice sustained by plaintiff (*cf. Da Silva*, 76 NY2d at 438; *Aubrey Equities,* 247 AD2d at 253).  Here, the judicial sale has been "made the instrument of injustice" and must be set aside (*Guardian Loan Co.*, 47 NY2d at 520).

All concur except DEJOSEPH, J., who dissents and votes to affirm in the following memorandum:  I respectfully dissent.  In my view, Supreme Court properly exercised its discretion in denying plaintiff's motion to set aside the underlying foreclosure sale.

It is well established that "[a] court has the inherent equitable power to ensure that a sale conducted pursuant to a judgment of foreclosure 'is not made the instrument of injustice' " (*Alkaifi v Celestial Church of Christ Calvary Parish*, 24 AD3d 476, 477), and "a court of equity may set aside its own judicial sale upon grounds otherwise insufficient to confer an absolute legal right to a resale in order to relieve [a party] of oppressive or unfair conduct" (*Guardian Loan Co. v Early*, 47 NY2d 515, 520-521).  As the majority properly notes, however, this power "should be exercised sparingly and with great caution" (*id.* at 520).

The majority acknowledges that plaintiff's failures have contributed to its current predicament, but ultimately concludes that, "under the circumstances of this case, the judicial sale has been made the instrument of injustice."  In my view, the majority has failed to explain how this sale, under these circumstances, has been made the instrument of injustice and, in any event, I cannot agree with that conclusion.  As Supreme Court observed, plaintiff "failed to avail itself of the most basic step in preserving its claim, [namely,] maintaining a valid notice of pendency on the property," and I cannot look past that failure.  In addition thereto, plaintiff did not file the loan documents pursuant to Lien Law § 22 and did not seek a CPLR 5519 stay following entry of the order confirming the Referee's report of sale.  Lastly, while I acknowledge the inherent risks associated with doing so, plaintiff also failed to bid at the June 2012 foreclosure sale.

In my view, equity is available only to the "vigilant and not those who slumber on their rights" (*Kansas v Colorado*, 514 US 673, 687 [internal quotation marks omitted]).  There is no dispute here that plaintiff had options to protect its interests.  Plaintiff created this current predicament by its own disregard of basic real property practice.  I am unwilling to engage in a balancing of the equities because I see no equities to weigh.  I therefore would affirm.

Entered:  June 12, 2015                          Frances E. Cafarell
                                                 Clerk of the Court