Fla Mtge. Capital I LLC v Unknown Heirs At Law of The Estate of Scott R. (2024 NY Slip Op 06444)

Fla Mtge. Capital I LLC v Unknown Heirs At Law of The Estate of Scott R.

2024 NY Slip Op 06444

Decided on December 20, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, GREENWOOD, AND HANNAH, JJ.

733 CA 23-01571

[*1]FLA MORTGAGE CAPITAL I LLC, PLAINTIFF-RESPONDENT,
v
UNKNOWN HEIRS AT LAW OF THE ESTATE OF SCOTT R. PAUL, DECEASED, CREGG S. PAUL, LISA BENKE, DENISE PETERSON, AMY DIGBY, JENNIFER COUGHLIN AND ROBERT D. PAUL, DEFENDANTS-APPELLANTS. 

THE OKAY LAW FIRM, BUFFALO (MEHMET K. OKAY OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
FRIEDMAN VARTOLO LLP, GARDEN CITY (STEPHEN J. VARGAS OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an amended order of the Supreme Court, Genesee County (Diane Y. Devlin, J.), entered July 11, 2023. The amended order denied the motion of defendants seeking, among other things, to vacate a judgment of foreclosure and sale. 
It is hereby ORDERED that the amended order so appealed from is unanimously affirmed without costs.
Memorandum: Defendants appeal from an amended order denying their motion seeking, among other things, to vacate a judgment of foreclosure and sale and to cancel the referee's deed executed following the sale of the property at auction, on the ground that the underlying action was time-barred by virtue of the provisions of the Foreclosure Abuse Prevention Act ([FAPA] L 2022, ch 821). Despite the enactment of FAPA prior to entry of the judgment of foreclosure and sale, defendants did not move for leave to renew based on a change in the law (see CPLR 2221 [e]) and they failed to take an appeal from the judgment of foreclosure and sale (see CPLR 5513 [a]). Moreover, even with actual knowledge and notice of the auction scheduled to occur two months after entry of the judgment, they took no action to prevent the judicial sale and instead made their motion afterward. We affirm.
" 'A foreclosure action is equitable in nature and triggers the equitable powers of the court' " (Wilczak v City of Niagara Falls, 174 AD3d 1446, 1448-1449 [4th Dept 2019]). " 'Once equity is invoked, the court's power is as broad as equity and justice require' " (id. at 1449). Thus, "[i]n addition to the grounds set forth in [CPLR] 5015 (a), a court may vacate its own judgment [of foreclosure] for sufficient reason and in the interests of substantial justice" as an exercise of its "inherent discretionary power" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]; see Urias v Daniel P. Buttafuoco & Assoc., PLLC, 41 NY3d 560, 568 n 4 [2024]; Ocwen Loan Servicing, LLC v Maffett, 225 AD3d 1252, 1253 [4th Dept 2024]; Wilczak, 174 AD3d at 1449). Even after a judicial sale to a good faith purchaser, "[a] court may exercise its inherent equitable power over a sale made pursuant to its judgment or decree to ensure that it is not made the instrument of injustice . . . Although this power should be exercised sparingly and with great caution, a court of equity may set aside its own judicial sale upon grounds otherwise insufficient to confer an absolute legal right to a resale in order to relieve [a party] of oppressive or unfair conduct" (Guardian Loan Co. v Early, 47 NY2d 515, 520-521 [1979]; see Altshuler Shaham Provident Funds, Ltd. v GML Tower LLC, 129 AD3d 1439, 1442 [4th Dept 2015]). "Generally, such discretion, which is separate and distinct from any statutory authority . . . , is exercised where fraud, mistake, exploitive overreaching, misconduct, irregularity or collusion casts suspicion on the fairness of the sale" (Altshuler Shaham Provident Funds, Ltd., 129 AD3d [*2]at 1442 [internal quotation marks omitted]; see Guardian Loan Co., 47 NY2d at 521).
We conclude that Supreme Court did not abuse its discretion in denying defendants' motion (see generally Woodson, 100 NY2d at 68; Guardian Loan Co., 47 NY2d at 520-521). First, "[n]one of the grounds set forth in CPLR 5015 (a) for vacatur of a[ judgment] applies here" (Redeye v Progressive Ins. Co., 158 AD3d 1208, 1209 [4th Dept 2018]). Second, contrary to defendants' contention, the record lacks sufficient reason to vacate the judgment of foreclosure and sale and to set aside the judicial sale in the exercise of the court's inherent discretionary authority under the circumstances of this case (see generally Alexander v New York City Tr. Auth., 35 AD3d 772, 772 [2d Dept 2006]).
Entered: December 20, 2024
Ann Dillon Flynn
Clerk of the Court